Allen, P.
At the common law, the word “ heirs” was necessary to create a fee simple in all feoffments and grants to natural persons, and conveyances to natural persons taking effect as transfers of the legal estates by the operation of the statute of uses. *656 Littleton, § 1; Lom. Dig. 218, m; 4 Kent’s Com. 5. -^11^ as c^ee(^s are be taken most strongly against grantor, when by the premises an estate is conveye(j fo one anc] pjs heirs habendum, to him for life, the habendum is repugnant and void, as it cannot perform the office of devesting an estate already vested by the premises. 2 Lom. Dig. 216 ; 4 Kent’s Com. 468.
These familiar doctrines have not been controverted in argument; but their application to the present case is denied. E. Humphrey by his deed of the 23d of June 1820 conveyed to his wife forever certain “lands and other property, to have and to hold and enjoy all and singular the said lands, goods and chattels for life.” Elizabeth Humphrey, by deed of the 19th of July 1842, conveyed the land in controversy to the appellant in fee; and afterwards departed this life. And the question in the case is, Whether by the deed from her husband she took an estate for life or in fee simple ? At the common law the estate would have been for life, as the word heirs was wanting; for says Littleton, § 1, If aman purchase lands by the words “to have and to hold to him forever,” he hath but an estate for term of life, for that there lack these words (heirs) which words only make an estate of inheritance in all feoffments and grants. By our statute, 1 Eev. Code, ch. 99, § 27, p. 369, in force at the date of this deed, it is enacted, “ that every estate in lands, which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee •simple, if a less estate be not limited by express words, •or do not appear to have been granted, conveyed or devised by construction or operation of law.” In virtue of this clause the grantee in the deed under consideration would have taken a fee simple if the words in the premises stood alone. But it could be treated ■as a fee simple in virtue of the statute only, and by *657 the statute the whole deed must be looked to for the purpose of ascertaining whether there is any qualification or limitation upon the generality of the provision; for such a deed can only operate to convey the fee simple if a less estate be not limited by express words, &c. In the present case we perceive by the habendum that an estate for life was expressly limited; and as the object under the statute is to ascertain what estate was intended to be granted by the deed, if a less estate than a fee is limited by express words in any part of the deed, it must control and qualify the general words used in the premises. I think, therefore, the deed from E. Humphrey conveyed but a life estate to his wife.
As to the second error assigned, that no account for rents and profits having been specifically asked in the bill none should have been ordered, it is sufficient to say that the bill contained the usual prayer for general relief, and a recovery of rents and profits would in general be incident to the recovery of the land. As to the details of the order of account, the decree is interlocutory, and all objections as to the time of commencing the said account or terminating it may be raised upon exceptions to the report. The appellant,will not be precluded by the order directing the account from presenting such objections by exceptions to the commissioner’s report.
I think the decree should be affirmed.
The other judges concurred in the opinion of Allen, P.
Decree affirmed.