Staples, J.
delivered the opinion of the court.
This is a suit for partition of a tract of land claimed by the appellees, as tenants in common with appellants. The court below rendered a decree in accordance with the prayer of the bill; and from this decree an appeal has been taken to “this court. Various errors have been assigned, some of which relate merely to the regularity of the proceedings in the Circuit court, and will be first noticed.
It is objected that the clei'k ought to have dismissed the suit, because of the plaintiffs’ failure to file their bill for more than two years after the execution and return of the original process. It certainly is the duty of the clerk to enter the suit dismissed if three months elapse after process is returned executed without the bill being filed. If, however, the bill is filed before an order of dismissal is entered, it is entirely competent for ,the defendant to waive the objection. In this case he will be held to have made such waiver by filing his answer and consenting to a hearing upon the merits.
It is also objected that the suit was not regularly revived against the appellants. The record states that by consent of parties the cause is revived against the persons therein named, heirs at law of Andrew JBuchanan, Ho objection on this ground having been made in the Circuit court, this court must presume the revival regularly entered with the consent of the proper parties.
It is further objected that the appellees have offered no proof that they are representatives of William King the elder. It does not appear that this objection was *419 ever suggested, or even hinted at, in the Circuit court. The answer of Andrew Buchanan, under whom appellants claim, does not question the right of the appellees to sue in the character they assume. The ground therein taken in opposition to the partition is that the Fendall title, derived through purchase from Straw, is superior to the King and Campbell title, under which appellees claim; that the said Buchanau and those under whom he claims have held adversary possession of the land in •controversy a sufficient time under the statute to prevent a recovery; and further, that the purchase of the outstanding title by Campbell did not, in point of law, enure to the benefit of the appellees. Throughout the proceedings it is impliedly, if not expressly, conceded, that the appellees are properly before the court as heirs or devisees of William King. Tinder these circumstance, I think it is too late to object to the decree for the want of proof of these facts.
These points being disposed of, it remains to consider the objections to the decree upon its merits. It is conceded by the counsel for'the appellants that, as a general rule, a joint tenant, or tenant in common, is not permitted to purchase in an outstanding adverse title to the common property for his own benefit to the exclusion of his co-tentant. He insists, however, that the co-tenant is required, within a reasonable time, to make his election to claim the benefit and to contribute to the expense incurred in the purchase of such title. If -ho unreasonably delays in this until there is a change in the condition of the property, or in the circumstances of the parties, he will be held to have abandoned all benefit arising from tbe new acquisition. I think this is a correct statement of the principles of law governing in such cases. It does not, however, cover the whole ground. If the co-tenant is to be considered as forfeiting, by his delay, •every advantage arising from the purchase of the outstanding title, it should appear not only that he was *420 apprized of the purchase, but also of the claim set up by ^is companion. The co-tenant may reasonably presume acquisition was made in support of the common title,'and he may act upon that presumption. He has-right to consider the outlay in such case as a joint charge to be settled and accounted for as any other necessary expense incurred .in protecting the joint estate. When, however, he is otherwise informed, it is then his duty, within a reasonable time, to claim the benefit of the new title aud offer to contribute his share of the sum expended in its acquisition.
It seems to me, moreover, in such case the burden is-upon the purchasing tenant to show that his companion had notice of the purchase and the exclusive claim asserted by him. As every joint tenant, or tenant in common, occupies a position of trust and confidence towards his companions, he who seeks to change these relations, and to expel the others from the enjoyment of the common property, must establish the facts which make such expulsion just and equitable.
Tested by these principles, the questions arising in this case are easily solved. The outstanding adverse title was acquired by John Campbell on the 4th of September 1833, and was by him conveyed to Buchanan on the-20th June 1843. It is not pretended—at least, it is not charged—that the appellees or their ancestor, Wm. King, had any notice of this purchase and sale by Campbell. The deed to the ■ latter from Straw being for a larger tract, of which the land in controversy is part, furnished no such notice. And the same may be said in respect to the deed to Buchanan. There is not a line or word in it to show that it embraces the laud in dispute. There was nothing in the character of .the transaction calculated to give it notoriety. Campbell’s purchase from Straw amounted to eighteen hundred acres, the consideration of which was two hundred dollars. The land in controversy contains three hundred and *421 ■sixty-three acres. The amount, therefore, of appellees’ contribution to the new purchase would have been fifteen -dollars and seventy-five cents.
It is reasonable to suppose that a sum so inconsiderable scarcely attracted the attention of the parties. In vitself it affords a strong presumption that neither King nor his devisees, in failing to advance it, were actuated by any improper motives. Certaiuly it is repugnant to .any notion of equity, that the non-payment of such a •sum shall be permitted to work the forfeiture of an -estate.
It is to be observed also, that the appellants do not raise this question in any form in the court below. They -.rest their defense there on entirely different grounds. If the point had been suggested in the Circuit court, •the appellees might have accounted for the delay, and thus removed a difficulty now presented for the first .time in the argument here.
It is, however, argued by appellant’s counsel that the taking of a conveyance to himself by Campbell, the re-cording of that conveyance, and the sale by Campbell to Richardson, was an actual ouster by the former of the heirs and devisees of King. At all events the acts of ■Campbell are such acts as are made by section 15, chapter 135, Code of 1860, equivalent to actual ouster. The •cases cited in support of this proposition, do not sustain it. The acts mentioned, considered singly or together indicate a mere claim of title to the whole estate. But a claim of title can never change the possession and without such change there can be no disseisin. In Peaceable v. Read, 1 East. R. 568, a tenant in common levied a -fine of the whole premises, and afterwards took all the -rents and profits for nearly five years, without account; ibut it did not appear he held adversary possession at the dime of levying the fine. It was decided, this was not •■sufficient evidence from which the jury might presume j&a. ouster. And although one tenant in common takes *422 the whole profits, yet this does not divest the possession; of his companion. • There must be an adversary possession ; such acts as if done by a stranger would be acts, disseisin; and they must be shown -to have been done adversely to the rights of the co-tenant, aud with intent to oust him, and to assert the actual and exclusive-ownership of the entirety. 1 Green’s Cruise, on real property, page 393 ; Adams on ejectment, 55 ; 1 Lomax. Digest, 504. The taking a conveyance by Campbell aud its recordation did not, therefore, operate as an ouster of the appellees, or those under whom they claim ; nor did the deeds to Richardson and Buchanan respectively have-any such effect.
It is well settled that a conveyance by metes and bounds of part of an estate held in common, though valid against the grantor, cannot prejudice the rights of the co-tenant,, unless followed by entry and adversary possession. The-grantee becomes thereby merely a tenant in common with the co-tenants of his grantor ; his possession is in presumption of law, the possession of all, and is to he deemed in support and not in derogation of the common title. Robinett v. Preston's heirs, 2 Rob. R. 273 ; Hannon v. Hannah, 9 Gratt. 146.
It is equally true that if the purchaser takes a conveyance of the whole estate from one tenant in common,, and enters into exclusive possession under such conveyance, claiming title to the whole, this is an ouster of the-other tenants ; and the grantee so entering and claiming-title may rely upon his adversary possession, if continued, a sufficient period, as a bar to a recovery by the other-tenants. Town v. Needham, 3 Paige’s R. 549: Clapp v. Bromagham, 9 Cowen. R. 530. How do these principles affect the appellants? Andrew F. Buchanan, under whom they claim, purchased the land on the 20th of' June 1843. This suit was instituted in November 1852 ; constituting an adversary possession, if it existed at all, of about nine years. But, in fact, there is not the slighest *423 foundition for supposing there was any such possession. The record contains no evidence bearing upon the point, except the report of the commissioner, which states that no rents are allowed by him from 1843 to the year v ° 1853 ; for the reason that the property was wholly unimproved at that time, and of no rental value. This would seem to exclude the idea of any such occupation as amounts to a disseisin of the appellees or those under whom they claim.
The provision in the Code of 1860, relied on by counsel, has no such effect as is claimed for it. It has been the established doctrine of the courts, that a tenant in common cannot maintain ejectment against his companion without proof of an actual ouster. Difficulties often occur in detei’mining whether certain acts constitute an ouster. Parties otherwise entitled to recover are defeated from an inability to prove it. It was, therefore, provided it should be sufficient for the plaintiff to prove some act amounting to a total denial of the plaintiff’s right as co-tenant.
It was not intended to alter well established principles of law governing the relations of joint-tenants or tenants in common to each other, but simply to enlarge existing remedies. Doe, lessee of Taylor, v. Hill, 10 Leigh, 457.
For these reasons, I think the decree of the Circuit court should be affirmed. But I am of opinion the appellees are not eutitled to recover any rents or profits against the appellants, upon the principles settled by this court, in Early v. Friend, 16 Gratt. 21.
Decree affirmed.