RUST *v.* RUST *et al.*

Decided May 14, 1881.

(JOHNSON, JUDGE, Absent.)

1. When an answer to a bill in chancery filed for partition of lands sets up affirmative matter and prays relief thereon, and there is a demurrer filed to so much of said answer, as sets up such affirmative matter and prays relief thereon, it is not error for the court to sustain such demurrer, if it appears to the court upon the face of such answer, that such affirmative matter is foreign to the purposes and object of the original bill in the cause and not germain thereto, or not in anywise connected therewith and not properly in defence of any matter or material allegations of the original bill.

2. An actual ouster of one tenant in common cannot be presumed, except where the possession has become tortious and wrongful by the disloyal acts of the co-tenant, which must be open and continued and notorious, so as to preclude all doubt of the character of his holding or the want of knowledge thereof by his co-tenant. This conduct must amount to a clear, positive and continued disclaimer and disavowal of his co-tenant's title, and an assertion of an adverse right; and a knowledge of this must be brought home to the co-tenant. *Boggess* v. *Meredith,* 16 W. Va. 1.

3. On a bill claiming a share of a tract of land and asking for partition and for general relief, the plaintiff's right to partition being establised, under the prayer for general relief there may be a decree for an account of rents and profits.

4. One tenant in common may maintain a suit in equity against his co-tenant, who has occupied the whole of the common property.

5. Whenever the nature of the property is such as not to admit of its use and occupation by several, and it is used and occupied by one only of the tenants in common, or whenever the property,

though capable of use and occupation by several, is yet so used and occupied by one as in effect to exclude the others, he receives more than his just share and proportion in the meaning of the statute.

6. When the common property is rented out by one tenant in common he is accountable to his co-tenants for their share of the rents he has received; and when he occupies and uses the whole property himself, he is liable to his co-tenants for a reasonable rent for it in the condition it was when he took possession.

7. Interest is to be paid upon the annual rent found due at the end of each year from the tenant in possession to his co-tenants; and the interest should be upon the amount due at the end of each year.

8. Errors in the details of a decree for an account are not a proper subject for appeal and correction in the Appellate Court; but they may be corrected by exceptions to the commissioner's report.

Appeal from and *supersedeas* to four several decrees of the circuit court of the county of Kanawha, rendered the first on the 19th day of November, 1874, the second on the 4th day of December, 1874, the third on the 29th day of June, 1876, and the fourth on the 20th day of December, 1877, in a cause in said court then pending, wherein Vincent R. Rust was plaintiff and Samuel Rust and others were defendants, allowed upon the petition of said Samuel Rust.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

The facts of the case are sufficiently stated in the opinion of the court.

*J. H. & J. F. Brown* for appellant cited the following authorities:

30 Conn. 492; 3 Stockt. 403; 4 Rand 493; Adams Eq. s. p. 388; 2 Tuck. Com. bk. 3, p. 504; Barton Pr. 148; Dan. Chy. Pr. 903; 2 Litt. 261; 1 Mon. 137; 1 McCord ch. 32; 9 W. Va. 29; Dan. Chy. Pr. 413; 4 H. & M. 489; 3 Atk. 370–383; M. & C. 442; 2 Drew

44; 29 Beav. 503; 6 W. Va. 465; 2 Rob. (old) Pr. 294; Dan. Chy. Pr. 402; 2 Paige 67; 3 Anstr. 807; 2 Atk. 218; 1 Call 133; *Humphrey* v. *Foster*, 13 Gratt.; 1 Rob. 36; Min. Inst. 418, 1 m.; Dan. Chy. Pr. 208; 7 Dana 176; 3 Swanst. 139; 3 J. J. Mar. 93.

*John A. Warth*, for appellant cited the following authorities:

Story Eq. Juris. §§ 227, 228; Dean Med. Juris. 556; 4 Cow. 207; Story Eq. Juris. 238; 2 Tuck. Com. (1846) 412–414; Code, p. 520, § 15; 2 Bouv. L. Dict. (14th ed.) 266; 1 Lom. Dig. (2d ed.) 647 (s. p. 503); *Id.* 648 (s. p. 504); Sand Suit in Eq. p. 112, § 245; 3 Gratt. 142; *Id.* 129; 2 Tuck. Com. (1846) 492; Code, ch. 125, § 12; 3 Anstr. 807; 2 Johns. Chy. 425; 4 Johns. Chy. 363; 4 H. & M. 489; 2 Rob. (old) Pr. 204; 2 P. Wms. 300: 2 Har. Chy. 94; Mitf. Pl. 36 (s. p. 14); 2 P. Wms. 434: 3 Atk. 723; 3 Atk. 218; 3 Rob. Pr. 173, 174; 2 Tuck. Com. 401; 2 Rob. (old) Pr. 400; 5 Munf. 492; Code, p. 527, § 7; 2 Tuck. Com. 5, 6, 7.

*Smith & Knight* for appellees cited the following authorities:

13 Gratt. 653; 16 Gratt. 21; 19 Gratt. 28; 4 W. Va. 113; 26 Gratt. 65; *King's Heirs* v. *Buchanan*, 22 Gratt.

HAYMOND, JUDGE, announced the opinion of the Court.

This is a cause in equity brought by the plaintiff in the circuit court of Kanawha county on the 30th day of December, 1871, for partition of a tract of land situate in the county of Kanawha, containing about one hundred and fifty-seven acres of land, against the defendants. The defendant, Samuel Rust, on his petition and assignment of error therein obtained from this court an appeal and *supersedeas* to decrees rendered in the cause on the 19th day of November, 1874, the 4th day of December,

1874, the 29th day of June, 1876, and the 20th day of December, 1877.

The first error assigned by the appellant in his petition is, "*that the circuit court erred in the decree of November* 19, 1874, *in sustaining the demurrer to your petitioner's cross-bills,* and in refusing the relief asked in said cross-bills." The cross-bills referred to in this assignment of error are contained in two answers of the appellant and seek to bring into this cause for adjudication matters foreign to the purposes and objects of the original cause and not germain thereto, or in any wise connected therewith, or properly in aid of or in defence of any matter or allegations of the original or amended bills or any relief prayed therein. And for these reasons the circuit court properly in its decree of the 19th of November, 1874, sustained the plaintiff's demurrer to so much of the answer of the appellant, as set up affirmative matter and prayed relief thereon.

The second error assigned by the petitioner in his petition is, that the circuit court erred "*In refusing to recognize your petitioner's rights by reason of his actual,adversary and exclusive possession for eighteen years under color of title, and granting the partition prayed for in the bill, thus denying your petitioner all benefit of the statute of limitations.*" It is manifest from the pleadings and evidence in this cause, that the plaintiff claims parts of the land sought to be partitioned by virtue of conveyances from part of the heirs of William Forqueran and others claiming under a part of said heirs, and the defendants claim the other part of said land under conveyances from other heirs of said Forqueran and from others claiming under a part of said heirs. Each and all the deeds to the appellan tare for interests in said tract of land. The appellant also through a deed from John D. Forqueran dated the 10th of January, 1854, acquired the dower-interest of Susan Forqueran as widow of said William Forqueran in the said tract of land. It is also clear from the pleadings and evidence, that the plaintiff

1881
Spring
Special Term.

Rust
v.
Rust et al.

some seventeen or eighteen years before this suit entered upon said tract of land under claim of the said widow's dower and said deeds from a part of the said legal heirs of said William Forqueran, deceased, conveying their respective interests in said tract of land, and also deeds from other persons claiming under other legal heirs of said William Forqueran, who conveyed their interests respectively in said tract of land to the appellant, and took possession of said tract of land and used and cultivated it and took the rents and profits of the same to himself for the said seventeen or eighteen years without accounting therefor. The widow Forqueran died, and the appellant continued in possession of said land as before until the commencement of this suit and afterwards and perhaps until now. An actual ouster of one tenant Syllabus 2. in common cannot be presumed, except where the possession has become tortious and wrongful by the disloyal acts of the co-tenant, which must be open, continued and notorious, so as to preclude all doubt of the character of his holding or the want of knowledge thereof by his co-tenant. This conduct must amount to a clear, positive and continued disclaimer and disavowal of his co-tenant's title, and an assertion of an adverse right; and a knowledge of this must be brought home to this co-tenant. *Boggess* v. *Meredith,* 16 W. Va. 1. See also as bearing on the subject *Buchanan et al.* v. *King's heirs,* 22 Gratt., 414.

After a careful examination of the pleadings and evidence in this cause it seems to me, that it does not appear, that the possession claimed by the appellant of the land in controversy was tortious and wrongful by disloyal acts of his, which were so open, continued and notorious, as to preclude all doubt of the character of his holding or the want of knowledge thereof by his co-tenant, and that the conduct of the appellant, as shown by the pleadings and evidence, amounts to a clear, positive and continued disclaimer and disavowal of his co-tenant's title and an assertion of an adverse right; and that a knowledge of this is brought home to his co-

tenant. For these reasons, I think the circuit court did not err in its said decree of the 19th day of November, 1874, in holding, that the appellant "has shown no ouster of the plaintiff, his co-tenant in the land sought to be divided, and no adversary possession to defeat plaintiff's title to a portion of the same."

The third assignment of error in the appellant's said petition is as follows, viz: " 3d. *The court erred in the decree of December* 4, 1874, *in confirming said partition.*" The said decree of the 19th of November, 1874, appointing commissioners to make partition ascertains, that the " plaintiff is entitled to two eighths and one fifty-sixth, or fifteen fifty-sixths of the whole of said tract of land, and that the defendant Samuel Rust, by divers conveyances from the other heirs is entitled to the remainder of said land." The commissioner's report of partition on its face seems to be in accordance with said ascertainment of the court. There are no exceptions to the report of partition ; and the report does not appear to be erroneous on its face, unless the said decree of the 19th day of November, 1874, is erroneous under the pleadings and evidence, of which I will speak further on.

The appellant's fourth assignment of error in his petition is as follows: " *The court erred in the decree of June,* 29, 1876, *in permitting complainant to file his second amended bill after final decree, the decrees of November* 19 *and December* 4, 1874, *having fully and finally settled and disposed of every question raised in the cause by proof or pleading, and adjudging and decreeing the costs of the suit.*" It is true, the bill and amended bills praying partition of the said land do not specially pray for and ask an account for rents and profits ; but they do contain the prayer for general relief ; and the plaintiff's amended bill prays for " such other general or special relief as the court may think meet and proper." The circuit court in said decree of the 19th day of November, 1874, appointing commissioners to make partition of said land at the end thereof declared and decreed as follows, viz.

" And the court is of opinion, that the plaintiff is entitled to his costs in his proceedings thus far in this cause, and doth further order and decree, that the plaintiff recover of the defendant, Samuel Rust, his costs by him in this cause expended to this time including thirty dollars as allowed by law." At the end of this decree of the 4th day of December, 1874, confirming the report of partition of the commissioners the court ordered and decreed as follows: " And it is further ordered, adjudged and decreed, that the costs of making this partition, so far as they have already or shall hereafter accrue, in connection with said partition since the decree of November 19, 1874, in this cause, be paid by Vincent R. Rust and Samuel Rust in the proportion of their separate and respective interests—that is to say, that the said Vincent R. Rust shall pay fifteen fifty-sixths of the whole of said costs and Samuel Rust shall pay forty-one fifty-sixths thereof." No order appears in this decree directing the cause to be stricken from the docket or discontinued therefrom.

On a bill claiming a share of a tract of land and asking for partition and for general relief, the plaintiff's Syllabus 3 right to partition being established, under the prayer for general relief there may be a decree for an account of rents and profits. See *Humphrey* v. *Foster and wife*, 13 Gratt. 653.

Judge Allen in delivering the opinion of the court in the last-named case at page 657 says: "As to the second error assigned, that no account for rents and profits having been specifically asked in the bill none should have been ordered, it is sufficient to say that the bill contained the usual prayer for general relief, and a recovery of rents and profits would in general be incidental to the recovery of the land." See also as bearing on this subject *Hall* v. *Pierce*, 4 W. Va. 113; *Bank of Washington* v. *Arthur et al.*, 3 Gratt. 173.

It is manifest that the court in the case at bar gave costs in the said decrees appointing commissioners to make

partition and confirming the report of partition, as the cause progressed, step by step, according as it thought just and equitable. But it is manifest that the court did not pass upon the right of the plaintiff to rent or rents and profits in the land in any manner, so far as I can see, in either of said last-named decrees. Rents and profits are not mentioned in the said decrees or either of them. If the plaintiff was entitled in this cause to recover rents and profits as incident to the recovery of the land, then . it is plain, that it was his right to have an account of the rents or rents and profits in this cause under his prayer for general relief in his original and amended bill, and a decree against the appellant for whatever he was entitled to ; and the court should either have decreed such account, if it was of opinion that the plaintiff was entitled thereto, or otherwise have passed in some form upon his right to such account, so that the plaintiff could have his privilege of appeal. The court in its said decree of the 4th day of December, 1874, confirming said report of partition and in directing as to the costs of partition says : "So far as they have already, or shall hereafter accrue in connection with said partition," &c.

It seems to me from all that appears, that the decree of the 4th day of December, 1874, should not be considered a final decree in the cause. It is true, that it is final upon the subject, which it adjudicates, but it is not final as to matters in the cause, which are not adjudicated or in any form passed upon by the court.

The case of *Crim* v. *Davidson*, 6 W. Va. 465, is unlike the case at bar. In that case the syllabus is : "After a final decree has been made in a cause, it is error, at a subsequent term, to allow a party to file an answer, and thereupon to open up the proceedings, to set aside and reverse the former decree, and hear and determine the cause *de novo.*" In that case at page 467, Judge Paull in delivering the opinion of the court says: "This appears to be a final decree, ascertaining and settling by regularly conducted proceedings the rights and liabilities

of all parties properly brought before the court, disposing of the whole subject in controversy, giving all the relief contemplated, and leaving nothing to be done."

It seems that at common law joint tenants and tenants in common had no remedy against each other, where one alone received the whole profits of the estate, since he could not be charged as bailiff or receiver to his companion, unless he actually made him so. 1. Tho. Co. 788, note (R.) *Early et ux* v. *Friend et al.*, 16 ·Gratt. 43. But the statute of 4 Anne c. 16, § 27, was passed in England to remedy this defect of the common law. And a similar statute was passed in Virginia at an early period, and has ever since continued in force. The Code of Virginia p. 586, ch. 145, § 14, is in these words: "An action of account may be maintained against the personal representative of any guardian, bailiff or receiver, and also by one joint tenant or tenant in common, or his personal representative, against the other as bailiff, for receiving more than comes to his just share or proportion, and against the personal representative of any such joint tenant or tenant in common." This provision of statute-law has been in force with us ever since this State came into existence and may be found in the Code of this State of 1868, sec. 14, ch. 100.

In the case of *Early et ux* v. *Friend et al.*, 16 Gratt. 21, it was held as follows: "1. One tenant in common may maintain a suit in equity against his co-tenant who has occupied the whole of the common property. 2. Whenever the nature of the property is such as not to admit of its use and occupation by several, and it is used and occupied by one only of the tenants in common; or whenever the property though capable of use and occupation by several, is yet so used and occupied by one as in effect to exclude the others, he receives more than comes to his just share and proportion in the meaning of the statute. 3. When the common property is rented out by one tenant in common, he is accountable to his co-tenants for their share of the rents he has received;

1881
Spring
Special Term.

Rust
v.
Rust *et al.*

Syllabus 4.

Syllabus 5.

Syllabus 6.

and when he occupies and uses the whole property himself, he is liable to his co-tenants for a reasonable rent for it in the condition it was when he took possession. 4. Interest is to be paid upon the rents found to be due from the tenant in possession to his co-tenants." See also *Graham et al.*, 19 Gratt. 28.

I think under the authorities above cited, that as the court decided that the plaintiff was entitled to partition of the said tract of land in this cause, and the plaintiff and defendant, Samuel Rust, were tenants in common in the said tract of land, and as the plaintiff recovered in the cause the fifteen fifty-sixths of the land in controversy, the rents and profits in this case were incident to the recovery of the fifteen fifty-sixths of said land, and under the pleadings and evidence in the cause the circuit court might properly at the time of the rendition of the said decree of the 4th day of December, 1874, or afterwards and at the time it did, render a decree in the cause of reference touching the rents and profits, and could properly have done so without the second amended bill being filed praying for an account of rents and profits. The said second amended bill was filed subsequent to the date of said decree of the 4th of December, 1874, to-wit, at April rules 1875. The appellant appeared to said amended bill and filed his answer thereto, in which among other things he objected to said second amended bill and demurred thereto. The second amended bill was unnecessary; and as it could do no harm, it is unnecessary to determine, whether the court erred in permitting said amended bill to be filed or in not dismissing it.

The plaintiff's fifth assignment of error in his said petition is as follows, to wit: " 5th. *The court erred in its decree of December* 20, 1877, *in requiring your petitioner to pay rent for the interest set apart by the decree to complainant, and especially in allowing rent thereon for five years next preceding the date of the original suit, and until the partition.*" It appears that the circuit court on the

1881
Spring
Special Term.

Rust
v.
Rust *et al.*

24th day of June, 1875 did make an order of reference of the cause to one of its commissioners touching rents. The said commissioner made and filed his report touching said rents to which exceptions were filed by the appellant, and on the 20th day of December, 1877, the court overruled the said exceptions and confirmed said commissioner's report, and the circuit court held in and by its said last named decree that the plantiff was entitled to recover rents from the defendant, Samuel Rust, for a period beginning five years before the date of the original summons in the cause, and ending at the date of the confirmation of the report of partitition therein. It appears from the pleadings and evidence that the appellant was in possession of the said tract of land as a tenant in common with the plaintiff for more than five years prior to the commencement of the suit, to wit: More than five years prior to the 30th day of December, 1871, and that for and during all that time he occupied, used and cultivated the said land and took and appropriated to his exclusive use the issues and profits thereof. Under these circumstances appearing in this case and under the authorities to which I have above referred and for reasons above stated I do not think there is error in the said decree of the 20th day of December, 1877, prejudicial to the appellant in the particulars specified in the said fifth assignment of error.

The appellants sixth assignment of error in his said petition is as follows, to wit: "6th. *In requiring your petitioner to pay interest on said rents, though he held the land adversely to complainant claiming and believing it to be his own.*" In the said case of *Early et ux.* v. *Friend et al.*, 16 Gratt. 21. Judge Moncure in delivering the unanimous opinion of the court in that case at page 58 says: "The Friends being accountable to their co-tenants for a reasonable rent of the property, and not for the issues and profits of their operations thereon ought to pay interest on the rent of each year from the end of such year until payment;" and that is what is meant by the

Syllabus 7.

fourth point in the syllabus in that case which I have above stated. See also upon this question *Vance* v. *Evans et al.*, 11 W. Va. 342, 381; *Bolling* v. *Lersner*, 26 Gratt. 65.

The plaintiff in the case at bar is only charged with what the commissioner and court ascertained and determined to be a reasonable money-rent, and in such · case it was not error to charge the appellant with interest on each year's rent from the end of each year; and the court did not err in this respect. I will say however that I do not think from the pleadings and evidence in this cause, that the appellant held the land adversely to complainant claiming and believing it to be his own as assumed in said assignment of error. I think from what appears the appellant was fully aware during the whole time he was in possession of said land, that the title to the whole of said land was not vested in him, and that he only had title to said land for undivided parts.

The appellant's seventh assignment of error is as follows, viz: "7. *In confirming Commissioner Gallaher's report and fixing the rental value of said land at $4.00 per acre.*" As to what was the reasonable annual rental value of the land the evidence seems to be conflicting, but under the evidence taken pro and con upon that subject I do not feel satisfied that the commissioner erred in fixing the annual rental value of the land at $4.00 per acre or that the court erred in overruling the appellant's exception upon that point.

The foregoing are all the errors assigned in said petition.

Counsel for the appellant in their brief filed in this cause urge some other objections to the rent and amount thereof, but they are not covered by any exception filed to said report of Commissioner Gallaher. Errors in the details of a decree for an account are not a proper subject for an appeal and correction in the Appellate Court; but they may be corrected by exceptions to the commissioner's report. *Humphrey* v. *Foster et ux*, 13 Gratt. 653.

Of course this means by proper and sufficient exceptions. And on this subject see *McCarty et al.* v. *Chalfant,* 14 W. Va. 531, 558, 559.

Counsel in one of their briefs filed in the cause say : "It was error to decree to plaintiff fifteen fifty-sixths of the land, and to require the defendant to pay him rents thereon ; that the plaintiff only acquired one eighth interest from Mary Rust—he only acquired one eighth interest, making fourteen fifty-sixths; that it is true, that at the date of this deed Mary owned one eighth as heir of her mother, Mahala, who was a daughter of Wm. Forqueran, and also one seventh of one eighth as heir of her Aunt Eliza Alexander." It appears from the second answer filed in the cause by the appellant that he admits therein that Mrs. Alexander, the aunt of said Mary Rust, died the 23d day of April, 1851, intestate and without issue. The deed made by said Mary Rust to plaintiff is dated the 19th day of November, 1859, eight years and upwards after the death of said Mrs. Alexander. At the time the said Mary Rust conveyed to the plaintiff she was vested with one eighth of the said land as the legal heir of her mother and of one seventh of one eighth of the said land. Counsel of defendant admit that the deed from Mary Rust to plaintiff did pass to him the one eighth of the land which she derived from her mother, but they contend that it did not pass the one seventh of one eighth of the land which the said Mary Rust inherited. The one seventh of one eighth of the tract of one hundred and fifty-seven acres would be something less than three acres. Now it is hardly reasonable to suppose that the said Mary Rust intended to convey the one eighth of said land to plaintiff and not convey by said deed the said small and insignificant fraction which she inherited over nine years prior to the date of her said deed of conveyance to the plaintiff.

Counsel for appellant say : "But it is clear from the record, that neither grantor nor grantee knew at that date of the death of Eliza (meaning Mrs. Alexander),

or of the one seventh of one eighth interest acquired by Mary (meaning Mary Rust), nor does plaintiff claim it in his bill." I do not think that the record shows, that said Mary Rust did not know that she was possessed of one seventh of one eighth of the said land at and before the date of said deed from her to the plaintiff, and the court would not be authorized to presume, that she did not know it at that time in the absence of evidence to the contrary. And as to whether the plaintiff claimed said land in his original bill depends upon the construction to be placed upon said deed from Mary Rust to the plaintiff. The fact is the said Mary Rust *quoad* the land in controversy did not inherit any part of it as an heir of her grandfather, but as an heir of her mother Mahala Rust (as admitted by appellant's counsel in their brief) she inherited the one eighth part thereof from her said mother and perhaps the one seventh of one eighth thereof also, as it does not distinctly appear when the said Mahala died so far as I have been able to discover, except that the said decree of the 19th of November, 1874, ascertains that the said one seventh of one eighth of said tract of land descended to said Mahala Rust from her deceased sister Mrs. Alexander. Mahala the mother of said Mary Rust may have and probably did die, from all I have been able to see in the record, after Mrs. Alexander died ; and if she did, then of course she inherited one seventh of Mrs. Alexander's one eighth of said tract of land and Mary Rust inherited from her mother the one eighth of said tract of land and the one seventh of one eighth thereof. It is manifest, that the scrivener who wrote the said deed from said Mary Rust to the plaintiff committed a mistake when he described the said Mary Rust as an heir at law of William Forqueran *quoad* the land in said deed mentioned. The first amended bill filed by the plaintiff alleges, that the said Mary Rust died without issue and this allegation is not denied.

From all that appears in the record of this cause I do not feel satisfied in my mind, that the circuit court erred

in holding as it did, that the plaintiff under the facts and circumstances appearing by virtue of said deed from said Mary Rust only child of Benjamin Rust and Mahala his wife is entitled to one eighth of said tract of land and also one seventh of one eighth (or one fitty-sixth) of the whole descended to Mahala Rust from her deceased sister, Eliza Alexander. How it might be under a different state of facts and circumstances appearing I am not prepared to say, nor do I pretend to determine.

For the foregoing reasons it seems to me there are no errors in the decrees appealed from in this cause prejudicial to the appellant, for which they or any of them should be reversed, the said decrees must therefore be affirmed and the appellant, Samuel Rust, must pay to the appellee, Vincent R. Rust, his costs about his defence of the appeal and *supersedeas* in this cause in this Court expended and damages according to law.

JUDGES GREEN AND MOORE CONCURRED.

DECREES AFFIRMED.