PATRICK RYAN, ELIZABETH RYAN and WILL-
IAM J. FRIDAY, Respondents, v. TIMOTHY
EGAN and JANE DOE EGAN, His Wife, Appel-
lants.

### No. 1439. (72 Pac. 933.)

**Mines and Mining: Partition: Mining Claims: Metes and
Bounds.**

Revised Statutes, section 3522, provides for the partition of real
property, and for a sale "of such property or part thereof if it
appears that a partition can not be made without great preju-
dice to the co-owners." Section 3533 provides: "If it is alleged
in the complaint and established by evidence . . . to the
satisfaction of the court that the property or any part thereof
is so situated that the partition can not be made without great
prejudice to the owners, the court may order a sale thereof;
otherwise on the requisite proofs being made, it must order a
partition according to the respective rights of the parties.
. . ." It appeared that a mining claim contained no known
veins or bodies of ore, had no fixed or market value, and that
the only thing giving it value was its locality and close prox-
imity to other mines. The evidence did not show but that the
ground within the boundaries of the claim was all of equal
value, or that a partition by metes and bounds would result
in great prejudice to any of the co-owners. *Held*, susceptible of
partition by metes and bounds.

### (Decided July 1, 1903.)

Appeal from the Third District Court, Summit County.
—*Hon. C. W. Morse,* Judge.

Action for the partition of an undeveloped mining
claim. From a judgment in favor of the plaintiffs, the
defendants appealed.

REVERSED.

26 Utah 16

*Charles Baldwin, Esq.,* and *J. E. Frick, Esq.,* for appellants.

*Frederick T. McGurrin, Esq.,* and *Messrs. Brown & Henderson* for respondents.

### STATEMENT OF FACTS.

This is an action for the partition of an undeveloped mining claim, of which the plaintiffs jointly owned five-sevenths and the defendants two-sevenths. The plaintiffs in their complaint in substance allege that they and the defendants are unable to agree among themselves as to the working and developing of the claim and are unable to agree upon a partition thereof, that the mining claim is so situated that an actual partition could not be had without great loss and prejudice to the co-owners, and for the protection of their rights it is necessary that a sale be had of the property. The answer of defendants is a general denial of the material allegations of the complaint.

The record shows that the mining claim in question is 1,500 feet in length by 600 feet in width. No ore has been taken from the mine, and, if there is any existing in it, its whereabouts or locality is unknown. Mr. Ryan, one of the plaintiffs, testified in substance that he does not think it possible for the mining claim to be equitably divided, so as to set off two-sevenths to defendant Egan and five-sevenths to the plaintiffs, for the reason that there is no vein showing mineral visible on the surface, and none known to exist anywhere within the boundaries of the claim; that "it is a common thing for miners to sell so many feet;" that he himself has sold a portion of a mining claim by metes and bounds, but has never known an undeveloped claim, where the vein was not exposed, to be divided in that way; that it is a hard matter to set a price on the property; that what gives it value is its

close proximity to other property. Mr. Egan, the defendant, testified that his business is mining, and that he has been so engaged for about twelve years; that he is reasonably familiar with mines and mining claims; that it is quite usual for miners to sell fractional parts of claims by metes and bounds; and that he does not know why this claim could not be partitioned and divided. The foregoing is in substance the evidence adduced on the main issue in the case.

The court made its findings, which, so far as material here, are as follows: (1) That said premises described in the complaint cannot be divided by metes and bounds; (2) that the parties are unable to agree upon any division; (3) that the only equitable division that can be made of the said premises is to order a sale of the whole thereof. A decree was entered, in accordance with the findings, directing that the property be sold, from which decree the defendants appeal.

McCARTY, J., after stating the facts, delivered the opinion of the court.

There is only one question raised on this appeal, and that is whether, under the showing made in the trial court, a partition of the mining claim in question should be made by dividing it among the co-owners, or whether it should be sold and the proceeds divided. It is a well-settled rule of law that any person who, jointly with others, owns a piece of real property, has an inherent right to have the property partitioned and his interest set apart to him, so that he may become the sole owner of a separate, distinct, and segregated parcel of such property. Freeman, Co-Tenancy and Par., 433. This right is based upon fundamental principles, and cannot be denied, except in cases where the property, from its very nature or condition, is not susceptible of partition by metes and bounds without resulting in great prejudice to one or more of the co-owners, in which event a partition will be denied, and a sale of the property

ordered, and the proceeds divided among the owners thereof.

Respondents, however, contend that mining claims, owing to the uncertainty as to the locality, quantity, and value of ore deposits in those that are undeveloped, and the lack of uniformity in the ore bodies, both as to the value and quantity in those that are developed, are not susceptible of partition by metes and bounds, and, further, that a distinction which has been recognized and followed by the courts exists between this and other kinds of real property; hence the same rule of law does not apply in actions brought for the partition of mining claims that governs in suits for the partition of other kinds of realty. It must be conceded that as a general proposition mines containing unknown veins or bodies of valuable ore are, from their very nature, seldom, if ever, susceptible of partition by metes and bounds. It is not necessary, however, for us to either discuss or particularize any of the numerous reasons that might be urged why this is so, as none of the conditions are known to exist in this case that usually obtain in suits for the partition of mining claims that have been developed. But even in those cases, before a court would be authorized in ordering a sale, the party asking for it must show by a preponderance of the evidence that a partition of the property in kind would result in great prejudice to one or more of the co-owners, as nothing will be presumed in favor of a sale.

The contention of counsel for respondents on, this point is not only opposed to the weight of authority, but is in direct conflict with the plain provisions of the statute. In 20 Ency. Law (2 Ed.), 789 (chapter on "Mines"), the rule is thus tersely stated: "A court should not decree a sale, except where partition would manifestly be injurious to the interests of the co-tenants or is physically impossible." Mr. Lindley, in his work on Mines (1 Ed.), sec. 792, says: "As an abstract proposition of law, a sale of a mine cannot be ordered in a partition suit, except in cases where partition would

be manifestly injurious to the interests of the co-tenants. Whether or not a partition can be made without great prejudice to the owners is a question of fact, the decision of which is not aided by judicial notice of any fact or circumstance not proved; and, where a sale is sought, the burden is upon the party urging it to show the facts upon which an order of sale may be made—the presumption being that an actual partition may be had." Mitchell v. Cline (Cal.), 24 Pac. 164; Tindall v. Tindall (Miss.), 3 South. 581.

Section 3522, Revised Statutes, provides that, "when several co-tenants hold and are in possession of real property as joint tenants or tenants in common . . . an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or part thereof if it appears that a partition cannot be made without great prejudice to the co-owners." And section 3533 provides: "If it is alleged in the complaint and established by evidence, or if it appears by the evidence without such allegation in the complaint, to the satisfaction of the court that the property or any part thereof is so situated that the partition can not be made without great prejudice to the owners, the court may order a sale thereof; otherwise, upon the requisite proofs being made, it must order a partition according to the respective rights of the parties as ascertained by the court, and appoint three referees therefor."

It is plain, from the foregoing provisions of the statutes and authorities cited, that in actions for partition courts will not decree a sale of the property over the objection of one or more of the co-tenants, unless it affirmatively appears from the evidence that a partition would result in great prejudice to one or more of the co-owners. It is conceded that the mining claim in question contains no known veins or bodies of ore, and that it has no fixed or market value; and the record shows that the only thing which gives it value is its

locality and close proximity to other mines. The evidence does not show but that the ground within the boundaries of the claim is all of equal value. In fact, there is no evidence whatever to show that a partition by metes and bounds would result in great prejudice to any of the co-owners. The only evidence on this point is the testimony of Mr. Ryan and Mr. Egan. Mr. Egan testified that he knew of no reason why this claim could not be divided, and Mr. Ryan made a general statement that the property could not be partitioned, and the only reason he gave for his conclusion was that the claim does not, so far as known, contain any veins or deposits of ore, which fact of itself obviates the difficulties that usually makes it impracticable, and in many cases impossible, to partition mining claims. Mr. Ryan's own testimony shows that it is not an unusual occurrence for owners of mines to sell portions of their claims by metes and bounds, and retain the balance, and no valid reason has been shown either by the evidence, or advanced by counsel in their discussion of the case, why this claim cannot be so divided.

The first and third findings are erroneous, and are not supported by the evidence. The case must therefore be reversed, with directions to the trial court to vacate and set aside the judgment and order directing a sale of the premises, and enter a judgment decreeing a partition of the property by metes and bounds, giving to each of the co-owners an amount equal to his interest therein, and proceed to have the judgment, when so entered, carried into effect in accordance with the provisions of the statute on this subject.

It is so ordered. Costs of this appeal to be taxed against respondents.

BASKIN, C. J., and BARTCH, J., concur.