# CHARLESTON

HEROLD et al. v. CRAIG.

| 59 | 353 |
| f66 | 67 |

Submitted February 9, 1906.    Decided April 10, 1906.

1. PARTITION—Sale—When Decreed.

A sale of real estate in a partition suit cannot be decreed, unless it affirmatively appears in the record that partition cannot be conveniently made and that the interests of the parties entitled to such real estate will be promoted by a sale thereof. (p. 356.)

2. EQUITY—Evidence—Ex Parte Affidavit.

An ex parte affidavit offered by one party cannot, over the objection of the adverse party, be considered by the court upon the hearing of a chancery cause upon its merits, in the determination of the issues raised by the pleadings, where there has been no previous consent that such affidavit may be so considered, and no consent to, or waiver of notice of, the taking of such affidavit. (p. 356.)

3. SAME—Consent Decree.

A draft of a consent decree, agreed to and signed out of court by the parties to a pending cause, cannot be entered as a consent decree, if at the time such draft is offered for entry consent thereto is withdrawn, and its entry is objected to by one of the parties who signed it and who will be materially affected thereby. (p. 358.)

Appeal from Circuit Court, Nicholas County.

Bill by Henry W. Herold and others against James S. Craig. Decree for plaintiffs, and defendant appeals.

*Reversed and Remanded.*

A. W. CORLEY and BROWN, JACKSON & KNIGHT, for appellant.

ALDERSON & HORAN, LINN, BYRNE & CATO, and MOLLOHAN, McCLINTIC & MATHEWS, for appellees.

COX, JUDGE:

This partition suit was instituted by Henry W. Herold, J. A. Mearns, John D. Alderson, Allen Rader and A. W. Bobbitt against James S. Craig, in the circuit court of Nicholas county, and such proceedings were had therein that a decree

for sale of the lots mentioned in the bill was entered. From this decree defendant Craig appeals.

The bill alleges that certain lots of land in the town of Summersville are owned jointly and in fee by the plaintiffs and defendant, in the following undivided interests : Rader one-twelfth, Bobbitt one-twelfth, each of the other plaintiffs one-sixth, and the defendant one-third; that there is upon the lots a building erected for school purposes, which is not suitable for any other purpose, and is of greater value than the residue of the lots; that the lots cannot be conveniently partitioned among the owners thereof; that the interests of those entitled to the lots and their proceeds will be promoted by a sale and distribution of the proceeds; and prays that a sale of the lots and distribution of the proceeds be decreed, and for general relief.

Defendant Craig answered the bill, admitting ownership of the lots to be as alleged in the bill and that the building on the lots was erected for school purposes, and denying that the building is not suitable for any other than school purposes or that it is of greater value than the residue of the lots, and denying that the lots are not susceptible of convenient partition or that the interests of those entitled thereto or to the proceeds thereof will be promoted by a sale and distribution of the proceeds, and asking that the property be maintained for school purposes according to the original intention of the parties, or that the lots be partitioned in kind. No depositions were taken in the cause. The exact quantity of land contained in these lots does not appear by the bill, but the quantity is stated in the petition for appeal to be 3 1-4 acres.

On the 28th day of January, 1905, the plaintiffs moved the court for the entry of the following paper as a consent decree in the cause: "H. W. Herold, et als, pltffs., versus James S. Craig, deft. In Chancery.    This cause came on this day to be heard, upon plaintiff's bill, defendant's answer and plaintiff's replication thereto, exhibits filed, former orders and decrees herein entered, and it is agreed by all the parties, and is adjudged, ordered and decreed by agreement as aforesaid, that A. J. Horán, who is hereby appointed a special commissioner for the purpose shall on some court day, for said county, sell at public auction the real estate in the bill and

proceedings mentioned for cash, to the highest bidder, at the front door of the court house of said county, after first giving notice of the time, terms and place of sale by notice published *one* a week for four successive weeks in the Nicholas Chronicle, a weekly newspaper published in said county; and said commissioner shall report his proceedings hereunder to court, in order to a further decree. But before making said sale said commissioner shall execute before the clerk a bond with approved security, in the penalty of $3000.00 and conditioned according to law. And plaintiff J. A. Mearns is directed to pay to the parties to this suit and entitled thereto the sum of One Hundred and Fifty Dollars, and interest of rent money in his hands according to their respective interests, to-wit: To James S. Craig one-third, to H. W. Herold and John D. Alderson one-sixth each, to Allen Rader and A. Bobbitt each a twelfth; and reserving a one-sixth his interest. The undersigned, the parties to the above styled suit, hereby agree that the circuit court of said county of Nicholas, shall enter the above decree at its next term, this January 14th, 1905. Allen Rader, by John D. Alderson. A. W. Bobbitt, by Alderson & Horan, his attorneys. John D. Alderson, H. W. Herold, J. A. Mearns, James S. Craig."

To the entry of this paper as a consent decree, the defendant Craig filed his objections in writing, and in support thereof his affidavit, stating that the paper asked to be entered as a consent decree was signed by him in great haste, without mature deliberation and without opportunity to consult his attorneys. The plaintiffs, in support of the motion to enter said paper as a consent decree, filed the affidavit of J. A. Mearns, stating matters tending to show that there was no great haste or lack of mature deliberation on the part of Craig in signing said paper, and that the real estate mentioned in the bill is not susceptible of convenient partition, and that the interests of those entitled thereto or to the proceeds thereof will be promoted by a sale and distribution of the proceeds. By his objections in writing, the defendant also objected to the consideration of said paper, and of the affidavit of Mearns, upon the merits of the cause, and objected to the hearing of the cause. The decree complained of recites, among other things, that the cause was

heard upon said paper offered as a consent decree, and upon said affidavits.

The paper offered was not entered as a consent decree; but the decree which was entered directed a sale of the lots for cash, substantially in accordance with the provisions of said paper. The question then is; Was the decree complained of justified by the state of the record at the time of its entry? Issues were made between the plaintiffs and the defendant as to whether or not the lots were susceptible of convenient partition, and as to whether or not the interests of those entitled to the lots, or to the proceeds thereof, will be promoted by a sale and distribution. It is settled by a long line of decisions, in the State and in Virginia, that the common law right of partition in kind cannot be refused because of the provisions of our statute, section 3, chapter 79, Code, unless it affirmatively appears that partition cannot be conveniently made, and that the interests of the parties will be promoted by a sale of the property. *Croston* v. *Male*, 56 W. Va. 205, (49 S. E. 136); *Stewart* v. *Tennant*, 52 W. Va. 559; *Roberts* v. *Coleman*, 37 W. Va. 143; and other cases; *Curtis* v. *Sneed*, 12 Grat. 260; *Cox* v. *McMullin*, 14 Grat. 82; *Howery* v. *Helms*, 20 Grat. 1; *Zirkle* v. *McCue*, 26 Grat. 532. These two essential facts must affirmatively appear in the record, before a decree of sale can be entered. They did not appear by the pleadings, because the existence of these facts were put in issue by the pleadings. These facts did not appear in any way, unless the affidavit of Mearns could, over the objection of the defendant, have been considered for that purpose, or unless the paper offered as a consent decree could have been considered and was sufficient for that purpose.

The affidavit was *ex parte*. It was filed in support of a motion to enter the paper offered as a consent decree. It was objected to by the defendant. No consent to its consideration, in the determination of the issues raised by the pleadings, and no consent to, or waiver of notice of its taking was shown. The question here presented does not involve the right to have an *ex parte* affidavit considered upon a motion to grant or dissolve an injunction, or in support of or opposition to any interlocutory application, but the right to have this *ex parte* affidavit considered by the court upon the merits of the cause, in the determination of the issues raised by

the pleadings. Our statute, section 35, chapter 130, Code, is conclusive as to this question. It provides that reasonable notice shall be given to the adverse party of the time and place of taking every deposition. As said by Dr. Minor, concerning the like Virginia statute, it leaves nothing to inference as to the necessity for notice. 4 Minor's Inst. 844. See also 2 Barton Ch, Pr. § 220; 1 Hogg's Eq. Proceed. § 480; 2 Cyc. 35, note 1; *Peterson* v. *Ankrom,* 25 W. Va. 56; *Lewis* v. *Bacon,* 3 Hen. & Munf. 89; *Blincoe* v. *Berkeley,* 1 Call 405; *Stubbs* v. *Burwell,* 2 Hen. & M. 536. It is clear that the affidavit could not properly have been considered by the court in the determination of the issues raised by the pleadings, under the circumstances appearing.

It is contended that it was proper for the court to consider the paper offered as a consent decree as an agreed statement of facts, and that as such the paper was sufficient to sustain the decree. It is also contended that, while the decree entered does not purport to be a consent decree, it should be so treated, as it embodies substantially the provisions of the paper. We do not think that the paper could have been considered as an agreed statement of facts. It does not purport to be an agreed statement of facts. Likewise, it does not purport to be an agreement of compromise of the matters in controversy in the cause. But it purports to be, and is, solely an agreement that the paper shall be entered as the decree of the court. The paper contains no words relating to the convenience of partition, or to the promotion of the interests of the parties by sale and distribution. If the paper could have been considered as an agreed statement of facts, it is without substance, and without facts upon which to determine the issues.

As the decree entered embodies substantially the provisions of the paper offered as a consent decree, it may be true that the defendant cannot be said to have been prejudiced by the decree, if the paper should have been entered as a consent decree. This brings us to the question: Should the paper have been entered as a consent decree? This paper is a draft of a consent decree agreed to and signed out of court, before the hearing of the cause, by the parties. When offered by the plaintiffs for entry, the consent of the defendant was withdrawn, and its entry objected to by him. A number of cases

may be found holding that a party may withdraw consent, before entry of a decree, for inadvertence, misapprehension, or fraud; but whether or not a party may so withdraw his consent arbitrarily and without cause, is a different question. The latest English case upon this subject which has come under our notice, and which refers to the previous English cases, is *Harvey* v. *Croydon Union Rural Sanitary Authority*, decided on appeal in 1884, 26 Ch. Div. Law Rep. 249. Cotton, L. J., in the course of his opinion in that case, said: "There being, however, no authority which is binding on us to the contrary, we must decide according to what we think the right course, and it must be understood henceforth to be the rule that a consent given by the authority of the client cannot be arbitrarily withdrawn." With this view Lord Coleridge agreed. Upon the subject under discussion, see also 2 Daniels Ch. Pl. & Pr. 974; *Hoyt* v. *Jesse*, 3 Ch. Div. 177; *Davis* v. *Davis*, 13 Ch. Div. 861; *Coultas* v. *Green*, 43 Ill. 277; *Horton* v. *Baptist Church*, etc., 5 Vt. 309. In the English case first mentioned, no previous authority is cited to sustain the holding of the court. In fact, the opinion states that the holding is without previous binding authority, and that the rule announced is to be the rule henceforth. How far the announcement of the rule in that case was controlled by the English system of equity procedure, which differs from our system in many respects, we are unable to say. We are cited to the exhaustive opinion on the subject of consent decrees delivered by JUDGE GREEN for this Court in the case of *Marion* v. *Fahy*, 11 W. Va. 482, wherein it is said: "The entry of a consent decree is a statement on the record, not that theretofore the parties agreed to enter such a decree, but that they now (when the decree is entered) consent to its entry. And if they do not when it is to be entered, consent to the court's entering it, it cannot be so entered." The rule announced by this Court in that case seems to us to be sustained by sound reasoning. Suppose, for illustration, that a draft of a consent decree, which purports to have been agreed to and signed by the parties, is offered for entry, and one of the parties objects and says that he did not agree to or sign such draft, or that if he did agree to and sign it he did so inadvertently or under misapprehension, or that his agreement was procured by fraud. In this manner, new contro-

versies, foreign to the controversies raised by the pleadings, are encountered. These new controversies are often as important as the controversies raised by the pleadings. It does not seem reasonable that the court may proceed to try and determine these new controversies, in an irregular and informal way, without pleadings, and, compel the entry by consent of a decree to which one of the parties does not then consent. The result of such a determination would practically be to compel the specific performance of the agreement to enter such draft as a consent decree, without formality and without pleadings. The entry of a consent decree requires the sanction or assent of the court. *Roemer* v. *Neuman, et al.,* 26 Fed. Rep. 332. Parties may agree out of court as they choose; but the entry of a consent decree requires consent to its entry by the parties, and the sanction or assent of the court, at the time of its entry; and if one of the parties who will be materially affected thereby withdraws his consent and objects to its entry at the time it is offered, it cannot be entered. This is the principle stated by JUDGE GREEN for this Court. It seems to us that it is the safer practice. This view leaves the parties free to agree as they may choose without consent of the court, and, if controversy arises, to litigate the validity of their agreement in any proper way. We therefore hold that the said paper offered as a consent decree was not sufficient to sustain the decree complained of; that the paper should not have been entered as a consent decree, under the circumstances existing at the time it was offered; and that the decree complained of cannot be treated as a consent decree. What we have said does not apply to a consent decree actually entered by consent of the parties and with the sanction and assent of the court. Upon that subject, see *Marion* v. *Fahy, supra; Doss* v. *Tyack,* 14 How. 297.

It is unnecessary to discuss any other ground advanced for reversing the said decree. For the reasons stated, the decree complained of is reversed, and the cause remanded for further proceedings. The proper further proceedings in the cause are indicated by the opinion of this Court in the case of *Stewart* v. *Tennant, supra.*

*Reversed. Remanded.*