## CHARLESTON.

SMITH *et al.* v. GREENE *et al.*

Submitted March 23, 1915. Decided May 25, 1915.

PARTITION—*Right—Affirmative Showing—Necessity.*

> The right to a partition of real estate in kind, as required at the common law, can not be denied, where demanded, unless it affirmatively appears upon the record that such partition can not conveniently be made and that the interests of the co-owners will be promoted by a sale of the property.

Appeal from Circuit Court, Harrison County.

Suit by John B. Smith and others against Charles Greene and others. From the decree, defendants Nannie Fisher and others appeal.

*Reversed and remanded.*

*F. O. Sutton,* for appellants.

*La Fayette C. Crile,* for appellees.

LYNCH, JUDGE:

As owners of one-eighth of the coal within a tract of 18.74 acres of land, plaintiffs sought partition against defendants as owners of the other interests, six of them an eighth each and four of them a thirty-second each. From a decree directing partition by sale and distribution of the proceeds, five defendants have appealed. The propriety of this mode of partition is the sole question presented for review.

The bill avers the title and interests of the parties, that the coal is not susceptible of partition in kind, and prays for the relief granted by the decree. Plaintiffs also allege their ownership of the coal under adjoining lands, that they are engaged in mining the coal thereunder, and that the removal thereof will cause a material depreciation in the value of the coal under the 18.74 acres, assigning as a reason therefor lack of adaptability for the economical mining and shipping facilities except through plaintiffs' mines on lands exclusively owned by them; and, further, that they have been unable to effect an agreement with defendants as to the coal

jointly owned by them, upon any basis alike profitable to all such owners.

Defendants concede plaintiffs' interest in the coal involved and their right to a partition, and raise no question as to title, quantity or proportional shares averred. They also admit plaintiffs' ownership of adjoining coal lands, and their mining operations thereon. While some of the defendants concede it would be to their mutual advantage to operate the 18 acres of coal in conjunction with plaintiffs or on a royalty basis, they aver an unwillingness so to do on the part of others jointly interested with them; and all the defendants agree that, by reason of the proximity of the coal to an available profitable local market, it is prospectively more valuable for the purpose of supplying that market than for operation in the manner urged by plaintiffs. They therefore resist a sale, and demand a partition in kind, the four owning an eighth each asking that their shares be allotted to them in one body, and those owning a thirty-second each that their one-eighth be allotted to them in one parcel.

Without proof or further pleading, the court, by interlocutory order, properly adjudicated the respective shares and interests of the parties, and appointed commissioners, with directions to make partition in kind among the several claimants pursuant to such order, if partition in kind be found convenient and equitable, and, if so, to consolidate the interests of the defendants as requested by them. To this end, the commissioners were also directed to consider "such relevant and competent testimony touching the partition or sale of said coal as may be adduced by any party in interest", such evidence to be returned with their report.

In their report, the commissioners say they went upon the land, "at which time all parties were represented either in person or by their attorneys, and after hearing all parties to said action, and all parties being willing, and without prejudice or injury to the interests of any of the parties hereto, we did proceed to partition said coal" in kind, assigning to plaintiffs lot number 1, containing 2.25 acres, next to the coal owned by them on adjoining land; lot number 2, containing 2.35 acres, to the owners of the four thirty-seconds; lot number 3, containing 2.35 acres, to Charles H. Greene, owner of a

one-eighth interest; and lot number 4, containing 11.8 acres, to the other defendants as their five eighths interest. They conclude by saying: "We believe this partition to be to the best interest of all parties, and we find that partition in kind can be conveniently and equitably made as above set forth".

To this report none of the defendants objected. But plaintiffs, denying the statement therein as to assent by them, excepted to the report on the ground that "partition of said coal in kind is inequitable and can not be conveniently had". This exception, the court, by the decree appealed from, sustained, and, holding the coal not susceptible of partition in kind, ordered a sale thereof. Hence, the inquiry whether the court pursued the proper method of effecting partition among the several joint tenants of the coal.

At common law, no sale was permissible in a suit of this character; and the statute applicable, §3, ch. 79, Code, authorizes a sale only where the interests of the owners will be promoted thereby and where partition in kind can not conveniently be made. The law favors actual partition, and but for the statute none other can be decreed. The common owners can not be subjected to a compulsory sale of their tangible property unless their interests manifestly require it, or, differently stated, unless actual division would be plainly injurious. *Roberts* v. *Coleman*, 37 W. Va. 144; *Herold* v. *Craig*, 59 W. Va. 353; *Dall* v. *Mining Co.*, 3 Nev. 531. "The statute is an innovation upon the fundamental principles of the common law and of American jurisprudence, and can not become a license to the courts to take from the citizen, for light or trivial causes, his freehold on payment of compensation, though full and adequate". *Croston* v. *Male*, 56 W. Va. 205.

As prerequisite to a decree of sale, the court must ascertain two things: first, that partition can not be conveniently made, and, second, that the interests of the parties will be promoted by a sale of the property. *Roberts* v. *Coleman, supra; Croston* v. *Male, supra.* Prima facie, each party is entitled to actual partition; and it is incumbent on him who seeks a sale to show that his advantage will be promoted by it, and that no loss will be worked to any other party. *Davis* v. *Davis*, 37 N. C. 607; *Mitchell* v. *Cline*, 84 Cal. 409. There

must be both averment and proof of facts sufficient to sustain that burden; and there must be an *affirmative* showing of the propriety of a sale. *Roberts* v. *Coleman, supra; Oneal* v. *Stimson,* 61 W. Va. 552; *Conrad* v. *Crouch,* 68 W. Va. 385; *Ryan* v. *Egan,* 26 Utah 241; *Davis* v. *Davis, supra.* "It is settled by a long line of decisions, in this state and in Virginia, that the common law right of partition in kind can not be refused because of the provisions of our statute, unless it affirmatively appears that partition can nat be conveniently made and that the interests of the parties will be promoted by a sale of the property. These two essential facts must affirmatively appear in the record before a decree of sale can be entered". *Herold* v. *Craig, supra.*

Applying these principles here, the decree is erroneous for want of proof. The bill states no particular reason for a sale, save only the difficulty of mining the coal in the 18 acres otherwise than through openings on lands operated by plaintiffs or their lessees, and its consequent depreciation in value upon the completion or abandonment of these operations. This allegation defendants traverse by answers, and aver that the coal is more valuable for the local custom than for operation on a royalty basis, thus imposing upon plaintiffs the burden of proof in support of their contention to the contrary. But they offered no proof. The location of the coal, its quantity, quality and value did not in anywise appear. Apparently, the sole consideration properly influencing a determination of the mode of partition adopted was the smallness of the tract involved and of the respective interests therein. That alone did not justify a decree of sale. The particular character and situation of the property and the surrounding circumstances affecting its value and indicating the pecuniary and other consequences to ensue from one or the other mode of partition appear only from the bill. Its averments are denied by answers, and negatived by the report of partition. In *Croston* v. *Male, supra,* it was said: "Inconvenience of partition as one of the circumstances authorizing such sale does not contemplate physical impossibility of division, but the requirement is not satisfied by anything short of a real and substantial obstacle of some kind to division in kind, such as would make it injurious to the owners. Meagerness of area

in some or all of the shares, due to the necessity of dividing a small tract of land among a number of people, and the existence of dower and curtesy estates in the land, do not *per se* make partition inconvenient within the meaning of the statute''. See also *Davis* v. *Davis, Herold* v. *Craig,* and *Ryan* v. *Egan, supra.* Whether actual partition of such mineral property can be made without great prejudice to the owners is a question of fact, the decision of which is not to be aided by judicial notice of any fact or circumstance not proved. *Mitchell* v. *Cline, supra.*

Again, in addition to such lack of evidence, the court had before it the unanimous report of three commissioners making partition in kind. Therein the commissioners say they heard all the parties, partitioned the property without prejudice or injury to any of the owners, and that the division made is convenient and equitable and to the best interests of all the parties. To that report no one objects, except the plaintiffs, although their portion of the 18 acres of coal was laid off by metes and bounds next to the coal owned by them on adjoining land, and notwithstanding the allegation in their bill that it can be most economically removed through openings on such adjoining land. This was the most equitable allotment the commissioners could make; and how it can work injury to the plaintiffs does not appear. Their exception to the report is simply, in general terms, a denial of the conclusion expressed by the commissioners as to the convenience and equity of the partition reported. In support of that exception or denial the record is wholly destitute of proof.

Where a report of partition is proper on its face, every reasonable presumption is in favor of its fairness. *Cross* v. *Cross,* 56 W. Va. 185; *Solesberry* v. *Railway Co.,* 81 S. E. 985; *McClanahan* v. *Hockman,* 96 Va. 392. Hence, the report ought not to be set aside, upon exception, unless it is clearly shown that the partition is based on wrong principles, or that the commissioners have plainly made an unfair or unequal allotment. *Henrie* v. *Johnson,* 28 W. Va. 190; *Ransom* v. *High,* 37 W. Va. 838; *Carper* v. *Chenoweth,* 69 W. Va. 729; *Wamsley* v. *Coal & Lumber Co.,* 56 W. Va. 297, 306. In the case last cited, it is held that it is not essential that

commissioners, in partitioning coal and timber lands, should report the extent of coal deposits and the acreage, quality and quantity of the timber, considered by them in arriving at their conclusion as to the relative value of the several parcels assigned by them, nor the money value of the lands partitioned or of any share or lot assigned.

The report was essential to a final decree of partition. Without it such decree would be invalid. And, certainly, the court can not wholly disregard the finding, and, in the absence of any affirmative showing against it, order a sale. In *Cunningham* v. *Johnson*, 82 S. E. (Va.) 690, two of the five commissioners appointed did not act. The other three reported the land not susceptible of partition in kind; but two of them made affidavits that they had not seen or personally examined the premises, but derived their information from others. The court overruled the exceptions based on these circumstances, and, in accordance with the report, decreed 'a sale. Upon appeal, it was held that "there was no evidence before the court upon which to base a decree for the sale of the land, as the report of the commissioners was discredited by the circumstances under which it was made"; and that "a court has no authority to decree a sale of land for partition unless it is made to appear by an inquiry before a commissioner in chancery, or in some other way, that partition can not be made". See also *Roberts* v. *Coleman, supra.*

We therefore reverse the decree complained of, and remand the cause for further proceedings in accordance with the principles herein announced and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*