# CHARLESTON.

## COUNTY COURT OF HARRISON COUNTY v. HOPE NATURAL GAS COMPANY.

### Submitted May 1, 1917.    Decided May 15, 1917.

1. EQUITY—*Bill—Multifariousness—Causes of Action.*

   Where two or more parties institute a suit in equity against a common defendant, and it appears from the allegations of the bill that each has a separate and distinct cause of action against the common defendant, but that of the several causes of action set up, only one thereof is cognizable in a court of equity, the allegations of the bill as to the matters not cognizable in equity will be treated as surplusage and disregarded upon the hearing, and the names of such plaintiffs as do not appear to be interested in the equitable cause of action will be stricken from the bill either upon motion of the plaintiff or plaintiffs having such interest, or by the court upon its own motion. (p. 488).

2. SAME—*Bill—Multifariousness.*

   Where two or more parties unite in a suit in equity against a common defendant, and it appears from the allegations of the bill that there is involved more than one equitable cause of action, which are separate and distinct from each other, or that the defenses to the several equitable causes of action set up in the bill

are of necessity separate and distinct and in no way connected, and the relief to which the parties may be entitled is different in its character and extent, such bill is multifarious and a demurrer thereto is properly sustained.    (p. 489).

3.  SAME—*Bill—Multifariousness—Amendment.*

In such case the bill cannot be amended by eliminating therefrom all but one of such equitable causes of action and by striking out the names of the plaintiffs not interested in the one retained, but such bill will be dismissed and the parties allowed to bring separate suits for the vindication of their rights.    (p. 489).

(LYNCH, JUDGE, absent).

Appeal from Circuit Court, Harrison County.

Bill by the County Court of Harrison County and others against the Hope Natural Gas Company. Demurrer for misjoinder of parties plaintiff sustained and bill dismissed, and plaintiffs appeal.

*Affirmed.*

*Smith & Jackson,* for appellants.

*A. B. Fleming, Charles Powell* and *Kemble White,* for appellee.

RITZ, JUDGE:

This bill was filed in the Circuit Court of Harrison County to enjoin the defendant from laying its pipe line in a certain public highway of said county. The plaintiff, the County Court of Harrison County, claims the right to enjoin the defendant from laying this pipe line upon the ground that said defendant has never obtained authority or permission from it to use the highway for that purpose, and that to allow defendant to lay its pipe line in said highway without obtaining said permission would be a conversion of the public road to the private use of the defendant. It sets up certain alleged franchises under which it says the defendant claims to be acting. It contends, however, that neither of these franchises grants the right to lay such a pipe line as is being laid by the defendant, the one franchise limiting the size of the pipe line to be laid thereunder to two inches in diameter, while the pipe line which defendant proposes to lay is six

inches in diameter, and the other of said franchises it says was revoked by it before the same had ever been accepted. Upon these grounds it seeks to enjoin the defendant from laying the six inch pipe line, which it avers it contemplates laying in said highway, for the purpose of carrying gas at the high pressure of six hundred pounds per square inch.

The plaintiffs, James William Johnson, Leonidas Rhodes, Charles C. Keesy, Truman J. Coffman, Smith D. Williams and Lant Ross aver that they are each the owners of land abutting upon this highway in which the defendant proposes to lay this six inch pipe line; that they each occupy a residence situate on their properties at distances from the said highway varying from thirty feet to one hundred feet; that the laying of said pipe line in said highway by the defendant will materially injure the said plaintiffs; that it will make the use of said highway so dangerous as to practically deprive the said plaintiffs of the means of ingress and egress to and from their properties over the said public road; and that in addition to this it will damage their properties materially by reason of the liability of injury to persons occupying the same from explosions caused by the heavy pressure at which it is proposed to convey gas through said pipe line; and that these injuries are peculiar to them and accrue to them because of the fact that their properties are situated in such close proximity to the proposed location of said pipe line. The other plaintiff is the county road engineer of said county, and it is not shown that he has any other interest in the cause except as county road engineer. The defendant demurred to the plaintiffs' bill and amended and supplemental bill, and because of misjoinder of parties plaintiff the court below sustained the demurrer, and being of opinion that the bills could not be amended dismissed the same, and this appeal is prosecuted by plaintiffs to reverse that decree.

The sole question presented for solution is, are the bills multifarious? Are there joined in these bills against the defendant separate causes of action? The answer to this question depends upon whether or not the cause of action set up by the individual owners of property adjacent to this road is so different from the cause of action set up by the county

court against the defendant that the two should not be allowed to be joined in one bill.  If there is a misjoinder of plaintiffs in this suit, and there is a separate and distinct equitable cause of action existing in favor of each class of plaintiffs against the common defendant, then the circuit court committed no error in sustaining the demurrer and dismissing the bill.  If, on the other hand, there is a misjoinder of plaintiffs, but as to some of the plaintiffs the cause of action set up is not of equitable cognizance, and there is only one cause of action of this character, then the bill could be dismissed as to those plaintiffs who are not entitled on the allegations thereof to any equitable relief against the defendant.  The allegations in the bill as to their rights or claims would be treated as surplusage, and would be eliminated from consideration upon the hearing of the cause, and their names as parties plaintiff be stricken out.  *Hull* v. *Hull,* 26 W. Va. 15; *Jones* v. *Reid,* 12 W. Va. 367; *Smith* v. *McClain,* 11 W. Va. 654; Barton's Chancery Practice, §77.

In Story's Equity Pleadings, at §283, it is said: However, although a bill is ordinarily open to objection for multifariousness, which contains two distinct subject-matters, wholly disconnected with each other; yet, if one of them be clearly without the jurisdiction of a court of equity for redress, it seems, that the court will treat the bill, as if it were single, and proceed with the other matter, over which it has jurisdiction, as if it constituted the sole object of the bill.'' *Railroad Co.* v. *Traction Co.,* 56 W. Va. 18.

It is therefore necessary to determine whether or not the allegations in the bill state a cause of action in the individual landowners cognizable in a court of equity, and also whether there is an equitable cause of action made by the averments of the bill on behalf of the plaintiff, the County Court of Harrison County; and if we find that there is an equitable cause of action in favor of each class of plaintiffs, the inquiry will further be, are these causes of action so separate and distinct in their nature, in the character of the defenses thereto, in the remedy to be applied, and in the relief to which the parties may be entitled, as to forbid joining them in a single bill against the defendant?

That there is an equitable cause of action in favor of the plaintiff, the County Court of Harrison County, upon the allegations contained in the bill, is beyond question. The county court is the tribunal charged by law with the duty of protecting the rights of the public in the highways of the county, and if the allegations of these bills are true, then the defendant is seeking to appropriate to its own use, without the permission of the county court, a public highway of said county, and equity will at the suit of the county court afford relief against such a trespass upon the rights of the public.

Individual property owners, or tax payers as such, however, would have no right to enjoin a nuisance committed in a public highway where the injury inflicted is common to all persons entitled to use said highway. Unlawful occupation of any portion of the highway in such a manner as to materially interfere with the access of an abutting owner to his property, or his easement of light and air from the highway, is an unwarranted invasion of his property rights and constitutes a private, as well as a public nuisance. If the injury done to the plaintiffs is peculiar to their property, such as to interfere with the ingress or egress in connection therewith, and this injury will continue if the nuisance sought to be enjoined is not abated, the property owners under such circumstances would have a right to enjoin the maintenance of such a nuisance. If, on the other hand, the injury done to the plaintiffs can be easily compensated in damages and is of a like character to that inflicted on all other persons having a right to use the road in common with the plaintiffs, their action would be at law to recover damages and not in equity to enjoin the nuisance. *Davis* v. *Spragg*, 72 W. Va. 672; *Keystone Bridge Co.* v. *Summers*, 13 W. Va. 476. The allegations of the bills in this case are sufficient to show that the injury which the plaintiffs will suffer from the construction of this pipe line is a peculiar injury. The charge in their bills is in effect that if the pipe line is allowed to be laid through this highway in front of their properties, their dwellings will be constantly menaced by danger from the pipe bursting under the high pressure to be maintained in it, and they aver that this is a frequent occurrence with pipes of

this character in which gas is conveyed under such high pressure. This injury would be peculiar to their property because of the close proximity of their dwelling houses to the road, and would not be suffered by other persons not similarly situated. They also charge that to allow the pipe line to be laid as contemplated by the defendant would be to practically destroy the highway as a public road, thus depriving them of the means of ingress and egress to and from their premises. Other injuries incident to the laying of the pipe line are also alleged, but this is sufficient to show the character of injury which the bill alleges may be reasonably contemplated by the plaintiffs from the construction of this pipe line. It will at once be observed that these injuries are of a character which will not be sustained by others in common with the plaintiffs. They are also continuing in their character, and are not such as can be readily measured in damages. We, therefore, think that the allegations of the bill are sufficient to show a cause of action in the plaintiffs cognizable in a court of equity.

This being true, is the cause of action set up and relied upon by the plaintiff, the County Court of Harrison County, such an one as can be united in a suit with the cause of action set up and relied upon by the individual property owners? It may be said that where different parties have a common cause of action against a single defendant, even though their relations thereto may not be exactly the same, if the defense to each of said causes of action is of the same general nature, or is based upon the same facts, and the relief to be granted is the same in its practical effect, then such plaintiffs can unite in one suit to enforce their rights against the defendant. If, on the other hand, it appears that the defense to the causes of action is separate and distinct, and the relief to be granted to one plaintiff, or class of plaintiffs, is different in kind or degree from that to be granted to the other, ordinarily they will not be allowed to join in a single suit against the common defendant. In such case, as stated by Story in his Equity Pleadings, §271, "the defendant would be compelled to unite in his answer and defense different matters wholly unconnected with each other, and thus the proofs applicable

to each would be apt to be confounded with each other, and great delays would be occasioned by waiting for the proofs respecting one of the matters when the others might be fully ripe for hearing.''

To entitle the plaintiffs to join in a common action against a defendant their cause of action must be the same, the injury the same, and they must be entitled to the same remedy. Beach Modern Equity Practice, §119; 16 Cyc. 204; *Dennis v. Justus,* 115 Va. 512; *Cecil* v. *Karnes,* 61 W. Va. 543; *Zell Guano Co.* v. *Heatherly,* 38 W. Va. 409; *Walker* v. *Powers,* 104 U. S. 245; *Plum* v. *Canal & Banking Co.,* 10 N. J. Eq. 256.

Applying the rule laid down by these authorities we find that in order to meet the allegations of the bill, so far as they are made on behalf of the county court, it would involve sustaining the validity of certain franchises under which it is alleged the defendant proposes to act. This defense would not in any wise affect the rights of the individual plaintiffs. To meet the allegations of the bill, so far as they justify the granting of relief to the individual landowners, it would be necessary for the defendant to overcome any proof that might be offered to show the peculiar injury to the property of these plaintiffs. This defense would be entirely disassociated with the defense to be made to the bill by the County Court of Harrison County. In fact, the allegations of the bill disclose that the defense to the cause of action set up by the individual owners of real estate along this road is separate and distinct from and in no way connected with the defense to the cause of action set up by the County Court of Harrison County.

Further than this, the extent of the relief to be granted, should the plaintiffs prevail, might, and in all probability would be different in each case. The individual property owners may be entitled under the showing which they are able to make to have the defendant enjoined from laying a pipe line of such character as would inflict upon them the injuries of which they complain, while the County Court of Harrison County, if its contentions are sustained, may be entitled to have the defendant enjoined from laying a pipe

line of any character in the county road. From this it appears that the separate classes of plaintiffs involved in this suit have sufficiently alleged in the bills separate causes of action cognizable in equity entitling them to relief in all likelihood different in extent; that each of said causes of action must be met by separate defenses in no wise related to each other.

Upon this showing the circuit court did not err in holding that there was a misjoinder of plaintiffs, and in dismissing the bill.

The decree complained of is therefore affirmed.

*Affirmed.*