## CHARLESTON.

NANCY BEAN AND W. C. BEAN *v.* COUNTY COURT OF McDOWELL COUNTY.

Submitted November 18, 1919. Decided November 25, 1919.

1. EQUITY—*Bill Setting Up Two Causes of Action Multifarious.*
   A bill setting up two separate and distinct causes of action in no wise related to each other, calling for relief different in its nature, character and extent, both of equitable cognizance, the proof in support of which would be separate and distinct and in no wise related, and the defense of which calls for setting up matters in no wise related, resulting in a confusion of the issues involved and the proof offered in support thereof, if attacked *in limine*, will be held multifarious. (p. 188).

2. INJUNCTION—*Dissolution of Injunction Granted on Multifarious Bill.*
   A temporary injunction granted upon such a bill is properly dissolved on motion for that purpose in advance of a final hearing. (p. 191).

Appeal from Circuit Court, McDowell County.

Bill for injunction, etc., by Nancy J. Bean and others against the County Court of McDowell County. Decree for defendant, and plaintiffs appeal.

*Affirmed.*

*Froe & Capehart,* for appellants.

*G. L. Counts,* Pros. Atty., and *Anderson, Strother, Hughes & Curd,* for appellee.

RITZ, JUDGE:

Plaintiffs by their bill represent that they are citizens and

taxpayers of Sandy River District in the county of McDowell, and are the owners of a large and valuable farm situate in said district, upon which is their residence, barn and other outbuildings; that the defendant, County Court of McDowell County, upon the petition of the citizens and taxpayers of Sandy River district, submitted to the voters of that district the question of issuing bonds for the purpose of constructing roads therein; that in the order and proclamation submitting the said question to the voters the roads provided to be improved and constructed were described and defined, one of which was a road running up the east side of Dry Fork River from the town of Iaeger to the town of Atwell; that at said election the voters of said district ratified the proposal to issue said bonds, and that under that authority said bonds were issued and sold; that the said county court entered upon the work of constructing said road up Dry Fork River, above referred to, on the east side thereof, and after continuing for a short distance it, without regard to the location laid down in the order of submission, changed the location of said road to the west side of said river, and has been constructing the same from the proceeds of the sale of said bonds upon such changed location. The bill charges that this is a diversion of the funds thus voted from the purpose to which they were appropriated by the electors; that said road upon either side of said river would run through lands of the plaintiffs, but that the damage to them upon the changed location on the west side is much greater than it would be if located on the opposite side of the river. The bill further alleges that the said defendant, the County Court, has completed said road on the west side of said river up to the lands of the plaintiffs, and that it has gone upon the lands of the said plaintiffs and located the road across the same; that it has never condemned or acquired any title to a right of way for said road across the plaintiffs' said lands, and that its attempt to take the same without acquiring title thereto in the manner prescribed by law is a violation of plaintiffs' constitutional rights. The bill prays that the defendant be enjoned from misappropriating any funds derived from the issuance of said bonds by constructing the road on the location on the west side of Dry Fork River instead of on the east

side thereof, as provided in the order and proclamation submitting said question to the voters, upon the ground that such expenditure of money is a misappropriation and misapplication of the funds. The bill further prays that the defendant be enjoined, inhibited and restrained from entering upon the lands of the plaintiffs and constructing said road across the same without having acquired the right thereto in the manner prescribed by law. The circuit court upon application granted a temporary injunction which, upon motion made after notice, was dissolved, and from the order dissolving the same this appeal is prosecuted.

It will be observed that the bill in this case sets up and relies upon two distinct and different causes of action in no wise related to each other. It seeks to prevent the defendant from appropriating to the public use any part of the plaintiffs' lands, without having acquired the right thereto by condemnation or otherwise; and it further seeks to enjoin the County Court from appropriating any of the proceeds derived from the sale of bonds to a purpose other than that specified in the order submitting the question of the issuance of said bonds to the voters. May these two matters, entirely distinct in themselves, and calling for entirely different relief, be joined in the same bill? It is difficult, if not impossible, to lay down any rule for determining when a bill is multifarious. The decisions on the question are largely based upon the element of the convenient and orderly administration of justice, and in many-cases, where a bill would have been held multifarious if advantage had been taken thereof by demurrer, it has been sustained where a full hearing has been had.upon the merits of all the propositions involved, and it appears that justice has been administered in a convenient and orderly way. Multifariousness in a pleading arises ordinarily from one of two causes; first, where between the same parties two or more substantive causes of action are set up to support which, or to defend against which, different proofs are required, and where, should the same be sustained, the relief granted on each of such causes is entirely different; and second, where the plaintiff has separate and distinct causes of action against different defendants. Where a plaintiff seeks to accomplish a particular purpose—the end sought to be attained is single—even

though he may have three or four different and distinct grounds
upon which he may be entitled to that relief, a bill seeking it
will not be multifarious, for, indeed, where one seeks a par-
ticular relief it is ordinarily his duty to rely upon every ground
that he has justifying the granting of that relief.  But the rule
is quite different where the relief sought is entirely distinct and
separate, as well as the means by which such relief is sought to
be obtained.  The doctrine is laid down in Hogg's Equity Pro-
cedure at § 136, p. 206, as follows: "A bill will always be
deemed multifarious where several matters joined in the bill
against one defendant are so entirely distinct and independent of
each other that the defendant will be compelled to unite in his
answer and defense different matters wholly unconnected with
each other, and as a consequence the proofs applicable to each
would be apt to be confounded with each other, and great delay
might be occasioned respecting matters ripe for hearing by
waiting for proofs as to some other matter not ready for hear-
ing." This quotation is, perhaps, not quite guarded enough,
for it might in its literal application prevent a plaintff from
setting up several grounds for obtaining the same relief, but
reading this text in connection with the treatment of the sub-
ject by the author it is clear that his meaning is as we have
indicated above.  The same doctrine is laid down in Story's
Equity Pleadings, at § 271: "The bill should not be multifa-
rious; for if it is so, it is demurrable, and may be dismissed by
the court of its accord, even if not objected to by the defend-
ant.  By multifariousness in a bill is meant the improperly join-
ing in one bill distinct and independent matters, and thereby
confounding them; as, for example, the uniting, in one bill of
several matters, perfectly distinct and unconnected, against one
defendant, or the demand of several matters of a distinct and
independent nature against several defendants in the same bill.
In the latter case, the proceeding would be oppressive, because
it would tend to load each defendant with an unnecessary burden
of costs, by swelling the pleadings with the statement of the sev-
eral claims of the other defendants with which he has no con-
nection.  In the former case, the defendant would be compellable
to unite, in his answer and defense, different matters wholly
unconnected with each other; and thus the proofs, applicable to

each, would be apt to be confounded with each other, and great delays would be occasioned by waiting for the proofs respecting one of the matters, when the others might be fully ripe for hearing. Indeed, courts of equity, in cases of this sort, are anxious to preserve some analogy to the comparative simplicity of proceedings at the common law, and thus to prevent confusion in their own pleadings, as well as in their own decrees." See also Beach, Modern Equity Practice, § 115. Another thing which must be kept in mind is that where two or more causes of action are set up in the same bill, calling for different relief, they must, to make the bill multifarious, each present a good cause for equitable relief, for if one of the causes set up is not cognizable in equity it will be treated simply as surplusage, and the bill held good as to the cause presenting matter for relief in equity. We, therefore, conclude that where a bill sets up as grounds for relief two or more distinct causes of action, each cognizable in equity, and demanding separate and distinct relief. making necessary separate and distinct defenses, the one in no wise related to the other, the bill will be multifarious, and no relief may be granted thereon, if this defense is taken advantage of *in limine*. Applying this doctrine to the bill here, we find that two distinct and different causes of action are set up by the bill, both of equitable cognizance. for, as we have heretofore held in *Harner* v. *County Court,* 80 W. Va. 626, a court of equity has jurisdiction to enjoin a county court from applying funds derived from the sale of an issue of bonds to any other purpose than that to which they were appropriated in the order submitting the question of their issuance to the voters, and equity likewise has jurisdiction to prevent a public corporation from constructing a highway over the lands of another without first acquiring the right to do the same in the manner prescribed by law, as was held in *Yates* v. *West Grafton,* 33 W. Va. 507. These two causes of action are in no wise related to each other. The defense of the one would be entirely different from the defense of the other. In the case to prevent application of the funds to a purpose other than that to which they have been devoted the defense might be made that the change in the location of the road was not a substantial one; that it had been acquiesced in and agreed to by all the interested par-

ties; that the money being spent was not in fact part of the proceeds of the bond issue.　These matters, it will be seen, would present no defense to the other cause of action set up in the bill. Defense to this cause would be that the defendant had acquired the right, either by agreement or in some other manner, or that the proposed improvement was not upon the lands of the plaintiffs.　In fact no defense that could be interposed in the one case would be at all applicable to the other.　Then when we come to the matter of the relief to be granted if the plaintiffs sustain the causes of action upon which their bill is predicated, in the one case the defendant would be enjoined from applying any of the fund derived from the issuance and sale of bonds to a purpose which it is shown was not contemplated by the voters when such bonds were issued, and in the other relief would be limited to inhibiting the　defendant from constructing the road over plaintiffs' land until it had acquired the right to so construct it in the manner prescribed by law.　It occurs to us that this case presents a typical one calling for the application of the doctrine of multifariousness, and advantage having been taken of this defect at the very outset, and the court below having dissolved the temporary injunction before a full hearing upon the merits, we are disposed to hold that his action in that regard was justified upon the face of the plaintiffs' pleading.

We are, therefore, of opinion to affirm the decree complained of.　　　　　　　　　　　　　　　　　*Affirmed.*