# CHARLESTON.

S. A. BROCKMAN *et al* v. H. C. HARGROVE *et al.*

(No. 5758)

Submitted February 15, 1927. Decided February 22, 1927.

1. PARTITION—*To Justify Sale for Partition, Land Must Affirmatively Appear Not to be Susceptible of Equitable Partition, and Interests of All Cotenants Must be Promoted by Sale; Evidence in Partition Suit Held Insufficient to Support Decree of Sale (Code, c. 79, § 3).*

   To justify a sale of real property in a partition suit, it must affirmatively appear that the land is not susceptible of equitable partition and that the interests of all the cotenants will be promoted by the sale. (p. 252).

   (Partition, 30 Cyc. p. 269.)

2. SAME—*Two or More Parties May Have Their Shares Laid Off Together if Partition Can be Conveniently so Made (Code, c. 79, § 2).*

   In a partition suit, if two or more of the parties so elect, they may have their shares laid off together, when partition can be conveniently made in that way. (p. 255).

   (Partition, 30 Cyc. p. 269.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Raleigh County.

Suit by S. A. Brockman and others against H. C. Hargrove and another for partition. From a decree ordering a sale, plaintiffs appeal.

*Reversed and remanded.*

*Brown W. Payne,* for appellants.
*Hugh A. Dunn* and *J. S. Butts,* for appellees.

MILLER, JUDGE:

In this suit for partition of a city lot, the plaintiffs, S. A. Brockman, H. F. Payne, and Brown W. Payne, owners of a three-fifths undivided interest in the property, by their bill allege that they believe it can be divided among the five owners thereof, but in the event it can not, they pray that their interests be thrown together and allotted to them, the balance sold and the proceeds divided.

By their answer the defendants H. C. Hargrove and Clarence Green, deny that the land is susceptible of partition in kind, and allege that such a division would greatly impair the value of the property, by making the share of each too small for sale or separate use; and they pray for a sale of all the property and a division of the proceeds among the five owners.

Upon the pleadings and depositions filed by the parties, and the report of the commissioner appointed to ascertain the value of the property, the circuit court found that it could not be partitioned in kind without material injury and damage to the whole thereof, and ordered a sale of the whole lot. From this decree the plaintiffs have appealed, claiming that they are entitled to have their three-fifths of the lot laid off and assigned to them.

The question presented to us is whether the facts presented justified the circuit court in ordering a sale of the property in question. Under the common law courts of equity had jurisdiction to partition real property in kind, but not to sell the property on the petition of one or more of the owners. Section 3 of chapter 79 of the Code, provides that in a case

where partition can not be conveniently made, "if the interests of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, the court * * * may order such sale, or sale and allotment, and make distribution of the proceeds of sale, according to the respective rights of those entitled." Commenting on this statute in *Roberts* v. *Coleman,* 37 W. Va. 143, 157, Judge BRANNON says: "Now, remembering that the common law gave right to have partition in kind, and this statute being an innovation upon the common law, and taking away from the owner the right to keep his freehold in kind, to justify a sale in any case, it must come within the statute, and it must appear in some way by the record both that partition can not be conveniently made, and that the interests of the owners will be promoted by a sale. Such is the letter of the statute. I think so, as did Judge Staples in *Zirkle* v. *McCue,* 26 Gratt. 532."

In *Harold* v. *Crago,* 59 W. Va. 353, it was held: "A sale of real estate in a partition suit cannot be decreed, unless it affirmatively appears in the record that partition cannot be conveniently made and that the interests of the parties entitled to such real estate will be promoted by a sale thereof."

The rule enunciated and applied in these cases has been reiterated and followed in a number of later cases. *Croston* v. *Male,* 56 W. Va. 205; *Conrad* v. *Crouch,* 68 W. Va. 378; *Smith* v. *Greene,* 76 W. Va. 276; *Loudin* v. *Cunningham,* 82 W. Va. 453; *Hogan* v. *Ward,* 87 W. Va. 682; and in a number of other cases cited in the opinions therein.

From the evidence filed in the cause, it appears that the five parties to this proceeding, the plaintiffs and defendants, purchased the lot in question, fronting sixty feet on one of the principal business streets of the city of Beckley, for the purpose of erecting thereon a business building; that later, after plans for the structure had been prepared and approved, the defendant Hargrove, becoming dissatisfied, or for some reason, refused to proceed with the building program; and that afterwards the defendant Green also withdrew his support. The plaintiffs then proposed to retain thirty-six feet and

assign to the others twenty-four feet, at either side of the lot they might choose. This proposition seems to have been at first agreed to, but later the defendants refused to carry out the division in that manner.

There is no question that in so far as the physical features of the lot are concerned, it could be readily divided into five lots of equal value, each with a frontage of twelve feet. The only contention of the defendants is that such small lots would not be salable, and that a partition in kind would materially decrease the value of the property as a whole, and result in loss to all the parties.

The evidence of a number of property owners and real estate agents was taken by each of the parties, on the question of what effect a division would have. The testimony of defendants' witnesses tends to show that a twelve foot lot would not bring as much per front foot as the whole frontage of sixty; but a number of these witnesses admitted that a twenty-four foot lot would not be as injurious to the parties as a twelve foot one, when offered for sale. Some said that it would depend wholly on what use was to be made of the lots; and from the evidence of these witnesses it appears that there are a number of small lots and business buildings on the same street. Other witnesses, those testifying for plaintiffs, gave it as their opinion that the proposed division of the lot would not injure anyone, considering the locality and the nature of the business now being conducted there. This evidence consists principally of the opinions of the witnesses, based on their experience and observation, and was not accompanied by the facts on which their opinions were based.

But the plaintiffs contend that a sale of the property will deprive them of the land on which to erect their proposed business building. The interests of the plaintiffs seem to have been lost sight of in the finding and decree of the court. Granting that the defendants will lose by a partition of the lot, the plaintiffs will lose also, by being deprived of their land, in view of the improvement thereon contemplated. It is true that the defendants offered to sell their respective interests to the plaintiffs for the sum of $3,000.00 for each in-

terest. One of the plaintiffs testified that they refused the offer because they were not able to pay the price asked. If a sale is had, and the plaintiffs have to protect themselves by purchasing the whole lot, they will be put to an expense not contemplated when the building was planned and decided upon, and perhaps have to give up the proposed improvement altogether. To compel them to purchase the whole lot and re-finance their venture, would be unfair to them, especially in view of the fact that the withdrawal of the defendants from the original proposition was the cause of the present controversy.

"In order to justify a sale of land in a partition suit it must be shown (1) that the land is not susceptible of equitable partition, and (2) that the interests of all the cotenants will be promoted by a sale and distribution of the proceeds." *Loudin* v. *Cunningham, supra,* syl. pt. 1. And in *Smith* v. *Greene, supra,* it was held: "The right to a partition of real estate in kind, as required at the common law, can not be denied, where demanded, unless it affirmatively appears upon the record that such partition can not conveniently be made and that the interests of the co-owners will be promoted by a sale of the property." And in the opinion in that case it is said: "Prima facie, each party is entitled to actual partition; and it is incumbent on him who seeks a sale to show that his advantage will be promoted by it, and that no loss will be worked to any other party." See, also, *Croston* v. *Male, supra, Morley* v. *Smith,* 93 W. Va. 682; and *Bracken* v. *Everett,* 95 W. Va. 550.

The evidence tends to show that some of the parties may be injured whether a division or sale is made; and the invariable rule being in favor of a division of the property in kind, it must follow that the evidence in this case fails to support the finding on which the decree was based.

Plaintiffs pray that their shares may be thrown together and laid off to them in one parcel. This they are clearly entitled to. Section 2 of chapter 79 of the Code provides: "Any two or more of the parties, if they so elect, may have their shares laid off together, when partition can be conven-

iently made in that way." *Croston* v. *Male, supra; Phillips* v. *Dulaney,* 114 Va. 681. The evidence shows that plaintiffs' interests will be promoted by such a division; and the defendants can not be injured thereby.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*