E. L. MORRISON, *Receiver, etc. v.* A. B. HOLCOMB *et al.*

(No. 9097)

Submitted February 18, 1941. Decided March 11, 1941.

154

*G. G. Duff,* for appellants.
*Wolverton & Callaghan,* for appellee.

ROSE, JUDGE:

This appeal was awarded to A. B. Holcomb and Myrtle Holcomb, his wife, from a decree of the Circuit Court of Nicholas County, pronounced in a cause in which E. L. Morrison, as receiver of the Richwood Banking & Trust

Company, a corporation, is plaintiff, and the said appellants and others were defendants. By the decree complained of, a house and lot situate in the City of Richwood and owned jointly and equally by plaintiff and A. B. Holcomb was ordered to be sold for partition, and the proceeds of the undivided one-half thereof belonging to A. B. Holcomb directed to be applied on reported and decreed liens against the same; and further, allowing a recovery in favor of plaintiff against the Holcombs for the use and occupancy of the plaintiff's undivided one-half interest in the property.

The suit was begun by a summons issued on the 27th day of September, 1939, and commanded the defendants named therein to answer a bill in chancery by "E. L. Morrison, Receiver of Richwood Banking & Trust Company, a corporation, who sues on behalf of himself and all other lien creditors of A. B. Holcomb."

The bill states that the plaintiff and A. B. Holcomb are each the owner of an undivided one-half of a certain house and lot in the City of Richwood, and exhibits the deeds by which their respective titles were acquired and showing the description of the property in question; alleges that the said real estate "is not susceptible of partition between the plaintiff and the defendant A. B. Holcomb in kind, and to effect a partition thereof said property must be sold as a whole and the proceeds divided between the plaintiff and the defendant A. B. Holcomb;" and prays "that a decree may be entered appointing Special Commissioners with power and authority to sell said real estate and divide the proceeds between the plaintiff and the defendant A. B. Holcomb." The bill also states that the plaintiff "brings this suit on behalf of himself and all other lien creditors of A. B. Holcomb"; that the undivided one-half of said real estate owned by the defendant A. B. Holcomb is subject to certain liens, describing them, and making the holders thereof parties, including the trustee in a deed of trust; "that the rents and profits of the undivided one-half interest of A. B. Holcomb in said real estate will not in five years pay off and discharge the liens existing thereon"; and prays that the cause be referred to a commissioner

in chancery for the purpose of "ascertaining the liens, if any, upon the undivided one-half interest of the defendant A. B. Holcomb in said real estate."

And finally, the bill sets up that the defendants, A. B. Holcomb and Myrtle Holcomb, his wife, "have had the use and benefit of this plaintiff's undivided one-half interest in and to the above real estate," without having accounted to the plaintiff for rentals for the use and occupancy of his interest therein; represents that a reasonable rental for the plaintiff's interest in said real estate would be $7.50 per month, and prays that the cause be referred to said commissioner "for the purpose of taking and stating an account showing the rental due the plaintiff from the defendants A. B. Holcomb and Myrtle Holcomb."

The defendants, A. B. Holcomb and Myrtle Holcomb, filed their written demurrer, assigning that (1) the bill was multifarious; (2) that the suit must be considered a judgment lienor's suit and that the bill was insufficient for that purpose; (3) that the plaintiff has a complete and adequate legal remedy at law for an accounting for rentals due; and (4) that if the suit is treated as a partition suit, the lien creditors are improper parties. This demurrer was overruled and the cause referred to a commissioner to ascertain and report (1) whether the real estate involved "can be partitioned in kind, or whether the same is susceptible of partition only by sale"; (2) the reasonable rental, if any, due from A. B. Holcomb and Myrtle Holcomb to the plaintiff for the use and occupation of his undivided one-half interest in said real estate; and (3) the liens upon the undivided one-half interest of A. B. Holcomb. Leave was granted to all parties to file their respective answers before said commissioner. The defendants, Henry N. Holcomb and G. G. Duff, trustee, the beneficiary and trustee, respectively, under a deed of trust covering A. B. Holcomb's interest in the real estate, demur on substantially the same grounds set up in the demurrer of the Holcombs; and A. B. Holcomb, Myrtle Holcomb, G. G. Duff, trustee, and Henry N. Holcomb filed their joint and separate answers in which they admitted that the said real estate may not be susceptible of partition in kind; deny that the

plaintiff was a lien creditor of A. B. Holcomb at the time of instituting this suit; assert that plaintiff cannot have an accounting for said rentals in this proceeding, and claim a set-off against the rents by reason of improvements and repairs, and pray that, if the interest of said A. B. Holcomb in the real estate is sold, Henry N. Holcomb's debt secured by the deed of trust covering the same be allowed as a lien thereon.

The commissioner executed the decree of reference regularly, and reported that the real estate was not susceptible of partition in kind and could only be partitioned by sale and division of the proceeds between the joint owners; that the plaintiff is entitled to recover rent against the Holcombs at the rate of $7.50 per month, amounting to $105.00, subject to a credit of $13.50 for repairs made by the Holcombs, leaving a net balance of $91.50; that the liens on the one-half interest therein of A. B. Holcomb consisted of certain taxes, the deed of trust debt of Henry N. Holcomb, amounting to $487.12, and a judgment lien in favor of the plaintiff for $89.68, based on a claim other than said rent, rendered October 2, 1939. To this report, the Holcombs excepted on the ground that the commissioner should not have allowed the rent stated, and that he should have reported that the case be dismissed at the cost of the plaintiff. These exceptions were overruled, and a decree entered accordingly, which directed the sale of said real estate and the application of the proceeds from A. B. Holcomb's one-half thereof to discharge the liens reported and decreed, and further, decreed "that the defendants, A. B. Holcomb and Myrtle Holcomb do pay unto the plaintiff, E. L. Morrison, Receiver as aforesaid, the sum of $7.50 per month from and after the 7th day of February, 1940, until such time as their occupancy of the plaintiff's undivided one-half interest in and to the aforesaid real estate is terminated."

The appellants contend that the court erred: (1) In overruling the demurrers; (2) in referring the cause to a commissioner; (3) in overruling exceptions to the commissioner's report; (4) in decreeing a sale of the real estate

involved; and (5) in directing A. B. Holcomb's share of the proceeds to be applied to the liens thereon.

Great emphasis is placed upon the contention that the bill in this case is multifarious in that it undertakes to combine (1) a partition suit, (2) a judgment lienor's suit, and (3) a suit for accounting between co-tenants. But a bill, in order to be multifarious must present two or more good equitable causes of action well pleaded. *Jones* v. *Reid,* 12 W. Va. 350, 29 Am. Rep. 455; *Smith* v. *Patton,* 12 W. Va. 541; *County Court* v. *Hope Natural Gas Co.,* 80 W. Va. 486, 92 S. E. 726; *Bean* v. *County Court,* 85 W. Va. 186, 101 S. E. 254; *Moorehead* v. *New River Power Co.,* 91 W. Va. 277, 112 S. E. 571. In the latter case, point two of the syllabus says: "Neither the joinder of one or more legal demands or causes of action, with an equitable one, nor of an insufficient equitable demand, with a sufficient one, in a bill in equity, renders the bill multifarious." It is, therefore, necessary for us to examine the alleged causes of action contained in the bill in the light of this principle.

If looked upon as a judgment lienor's bill, the pleading must wholly fail. In the first place, it does not show the plaintiff to be a judgment lienor of the defendant, A. B. Holcomb. The bill merely alleges that the plaintiff has a claim which "is now in the process of being reduced to judgment." The bill further shows that the judgment aforesaid was not obtained until the second day of October, 1939, while this suit was instituted on the 27th day of September, 1939. Also, the plaintiff does not seek to enforce a lien against all the real estate of the judgment debtor, but only against the proceeds of a particular parcel. Therefore, the bill cannot be considered as multifarious by reason of anything alleged therein relating to the plaintiff's anticipated judgment lien.

The bill, however, pleads the joint ownership of a house and lot by the plaintiff and the defendant, A. B. Holcomb; alleges that the same is not susceptible to partition in kind and prays that it may be sold for partition. It does not, however, pray for partition in kind, if the real estate be found susceptible thereof, and does not allege that the interest of the plaintiff will be promoted or that the inter-

est of the defendant, A. B. Holcomb, will not be prejudiced by a sale for partition. No such sale can be decreed until these facts are ascertained and decreed by the court. *Hale* v. *Thacker,* 122 W. Va. 648, 12 S. E. (2d) 524; *Brockman* v. *Hargrove,* 103 W. Va. 254, 137 S. E. 11; *Bracken* v. *Everett,* 95 W. Va. 550, 121 S. E. 713; *Morley* v. *Smith,* 93 W. Va. 682, 118 S. E. 135; *Loudin* v. *Cunningham,* 82 W. Va. 453, 96 S. E. 59; *Smith* v. *Greene,* 76 W. Va. 276, 85 S. E. 537; *Harold* v. *Craig,* 59 W. Va. 353, 53 S. E. 466; *Croston* v. *Male,* 56 W. Va. 205, 49 S. E. 136, 107 Am. St. Rep. 918. It might be suggested, therefore, that good pleading would require the bill to show the same facts, but this ground of demurrer, whether sound or otherwise, was not raised or passed upon below and will not be considered here.

It is further vigorously urged that the bill cannot be considered as one for partition, since by the process the defendants are summoned to answer a bill filed by the plaintiff "on behalf of himself and all other lien creditors of A. B. Holcomb." But the variance between the writ and the pleading can be taken advantage of only by plea in abatement. Code, 56-4-30. In equity, such a disparity is generally immaterial. *Lambert* v. *Huff,* 82 W. Va. 362, 95 S. E. 1031, 1 A. L. R. 650.

The inclusion in the bill of a claim for accounting between the co-tenants is objected to on the ground that the plaintiff has a plain, adequate and complete remedy at law under Code, 55-8-13, which provides that: "An action of account may be maintained against the personal representative of any guardian or receiver; and also by one joint tenant, tenant in common, or coparcener or his personal representative against the other, or against the personal representative of the other, for receiving more than his just share or proportion." This statutory remedy has been in effect since the Code of Virginia of 1849, and such accounting has ever since been regularly allowed and approved in suits for partition in this state and Virginia; though limited by the statute to tenants in common and joint tenants, prior to the Code of 1931. *Cresap* v. *Brown,* 82 W. Va. 467, 96 S. E. 66; *Rust* v. *Rust,* 17 W. Va. 901; *Early* v. *Friend,* 16 Gratt. 21, 78 Am. Dec. 649; *Humphrey* v. *Foster,* 13 Gratt. 653.

.It is sought by counsel for the plaintiff to justify the inclusion, the ascertainment, and enforcement of liens on the proceeds of A. B. Holcomb's interest in this real estate by Code, 37-4-4, which provides: "When there are liens by judgment or otherwise, on the interest of any party to a partition suit, the court may, on the petition of any person holding a lien, ascertain the liens and apply the dividend of such party in the proceeds of sale to the discharge of such liens so far as may be necessary for that purpose." This is a new statutory provision in our law of partition. It will be noted that it merely establishes a right without prescribing any procedural steps for its enforcement. How the lien shall be ascertained or the lienors convened is not provided. The statute, however, does provide that there must be a lienor and a petition. In this suit we have neither. The plaintiff was not a lienor when the suit was instituted, and did not, after he became a lienor, file the petition prescribed by the statute; nor did any other lienor. The proceeding for the ascertainment and enforcement of liens against a co-tenant's share of the proceeds being purely statutory, such requirements as the statute sets up must be strictly followed. We are not to be understood as saying precisely what the subsequent procedure shall be; we merely hold that without a petition by a lienor, nothing can be done under this provision of the statute.

One other thing should be mentioned. The decree complained of not only ascertained and decreed the amount then due from the Holcombs to the plaintiff for use and occupancy of plaintiff's share of the jointly owned real estate, but also decreed that the defendants, A. B. Holcomb and his wife, should pay to the plaintiff $7.50 per month thence forward so long as they occupied plaintiff's share of the premises. This the court had no right to do. What the proper rental value will be in the future, no court can say; what sets-off may arise against such future claim for rents and what the equities between the two co-tenants may be from month to month can only be determined in the future. The Holcombs may or may not owe the plaintiff a balance for later accrued rent. It may be that the

plaintiff, notwithstanding his rent claim, may, at any given time in the future, be indebted to the Holcombs for repairs, improvements or other proper equitable claims, in excess of all rent due.

It, therefore, follows that the decree of reference and the decree confirming the commissioner's report and directing sale of the jointly owned real estate must be set aside, and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*