# CHARLESTON.

## CARPER v. CHENOWETH.

Submitted September 15, 1910.    Decided November 14, 1911.

1. PARTITION—*Actions—Amendment of Pleading.*

    Objection to the filing of an amended bill in a suit for partition, after appearance by the defendant, showing nothing more than a *pendente lite* purchase of a tract of land adjoining the land involved, retraction of an offer of choice of lots to the defendant and a proposition to exchange the lots assigned to the plaintiff and a certain sum of money for those·assigned to the defendant, should be sustained.    (pp. 731, 732).

2. APPEAL AND ERROR—*Review—Harmless Error—Rulings on Pleading.*

    Error against the defendant in overruling such objection and allowing the amended bill to be filed is corrected by proceeding with the cause as if it had not been filed, and, as the plaintiff is not prejudiced thereby, he cannot complain.    (p. 732).

3. PARTITION—*Actions—Sufficiency of Evidence—Opinions.*

    A charge of inequality of value in lots assigned by commissioners in a partition suit is not sustained by mere opinions of witnesses based upon no data and contradicted by the opinions of other witnesses equally credible.    (p. 732).

4. SAME—*Actions—Sufficiency of Evidence—Offer of Exchange.*

    Nor is such charge sustained by an offer of one of two parties to a partition to exchange a certain sum of money and the land assigned to him, less a cemetery lot and a right of way to it, for the land assigned to the other, the location of the cemetery and the right of way and length of the latter not being shown.    (p. 733).

5. SAME—*Actions—Mode of Division.*

    A party to a partition suit in equity has no absolute right to have his share laid off adjacent to other land owned by him in severalty and the equity arising from proximity of such other land may be denied, if attended by another and opposing equitable consideration.    (p. 733).

6. SAME.

    Such an equity will not be enforced to the detriment of another party to the partition.    (p. 734).

Appeal from Circuit Court, Randolph County.

Bill in equity of Abigail Carper against Maggie B. Chenoweth.
From a decree for defendant, plaintiff appeals.

*Affirmed.*

*W. B. Maxwell* and *W. W. Brannon,* for appellant.

*Jared L. Wamsley,* for appellee.

POFFENBARGER, JUDGE:

The appellant here, a tenant in common with the appellee,
her daughter, in a tract of 600 acres of land, brought this suit
for partition thereof, offering the latter her choice of equal lots
into which she regarded the land as susceptible of division, but
asking an assignment to herself of the part on which an old
family cemetery should happen to be.

After an unsuccessful demurrer, the defendant answered, ex-
pressing willingness to accept the plaintiff's offer and averring
an agreement between the parties that E. E. Taylor, A. J. Long
and M. J. Coberly should be appointed by the court to divide
the land and make allotments of equal portions thereof to the
parties in the event of failure of a mutual agreement. A decree
was thereupon entered, appointing Taylor, Long and Coberly
commissioners, and providing for assignment to the plaintiff of
that portion on which the cemetery is located, if consistent
with the best interests of both parties. They went upon the land,
consisting of a long strip running back into the hills from
the Tygart's Valley River, and ran a line through it from one
end to the other, so as to give each party a part of the river
bottom land, a part of the cleared hill land, if any, a part of
the timber and also water for agricultural and domestic pur-
poses. Back from the river some distance a county road crosses
the land, and another line was run along it, making four lots.
Two of these on the southern or upper side, containing, respec-
tively, 100.69 acres between the road and the river and 243
acres back of the road, on one of which the cemetery is located,
were assigned to the plaintiff, and the other two, containing,
respectively, 90.69 acres, lying between the road and the river,
and 212 acres, lying back of the road, were assigned to the de-
fendant. One of the commissioners, Long, refused to concur in
or sign the report.

The plaintiff excepted to the report, charging discrimination against her in the value of the land amounting to one thousand dollars, and complaining of failure of the commissioners to assign to her the lower part of the land instead of the upper, in view of her having purchased other land adjacent to that portion, while the suit was pending. To sustain this exception, she filed the affidavits of two men who say the lower part is worth more than the upper by at least eight hundred dollars, and the affidavit of Commissioner Long, stating, in his opinion, a difference of six hundred dollars. The two commissioners who joined in the report deny by their affidavits any inequality of value and assert that the two parts of the land are equal in value. Affidavits of two other persons to the same effect are filed. The exception says failure to assign to the plaintiff the lower tract of land will cut the other land off from access by public road, but this portion of the exception is not sustained by any proof.

At a special term of the court, the parties again appeared and the plaintiff tendered and asked leave to file an amended bill, to the filing of which the defendant objected, but the court overruled the objection and permitted it to be filed. Then the latter demurred to it and, the demurrer having been overruled, an answer to the amended bill was immediately filed and replied to generally, and thereupon, over the objection of the plaintiff, the court heard the cause and rendered a final decree, confirming the report of the commissioners and appointing a special commissioner to convey the lots to the parties, respectively, in accordance with the report and the decree thereon.

The refusal of the court to allow time to take proof in support of the amended bill is a subject of lengthy and earnest complaint. If the subject matter of the amended bill bore materially on the main issue, this complaint might be well founded, but we are of the opinion that the matter set up in it amounts to nothing more than evidence which ought to have been presented to the commissioners and passed upon by them, or which it was proper to introduce as evidence to sustain the exception to their report. It says nothing more than that the plaintiff, pending the suit, had purchased a tract of land adjoining that portion of the land here involved which she now desires the court to assign to her; that, having purchased it and so produced a condition which makes it undesirable to adhere to her offer to

the defendant of a choice of lots, she withdraws that offer or declines to be bound by the acceptance thereof; and that she is willing to exchange the part assigned her for the other, provided she is allowed the cemetery with a right of way to it, and pay $500.00 difference. The newly purchased land is not in any way involved in this suit. No relief is asked respecting it and none could be, for the defendant has no interest in it. The plaintiff's ownership in that land is a mere circumstance for consideration by the commissioners or the court in connection with the assignment of lots. Nor was a bill necessary to signify her desire to withdraw her offer or repudiation of the agreement made by the acceptance thereof, or to make an offer of exchange. These things could have been done in court in an informal way. In view of the character of the proposed amendment, the court below should have sustained the objection to the filing of the amended bill and proceeded to pass upon the commissioners' report and the exceptions thereto. The error in permitting this injection into the pleadings of matter already in evidence, and not constituting proper subject matter for a pleading, did not, however, deprive the court of power to hear and dispose of the cause in the condition in which it then was. The amended bill and answer raised no issue that had not already been raised by the report and the exception thereto. Denial to the plaintiff of time to take proof upon that issue was not prejudicial, because she had already introduced evidence to sustain her contention and did not indicate ability to furnish any additional evidence. We are of the opinion, therefore, that the court erred in permitting the amended bill to be filed, and also that the plaintiff was not prejudiced by the action of the court in hearing the cause as if it had not been filed. By hearing the cause and entering its decree, the court substantially, though informally, corrected its error in permitting the amended bill to be filed.

Upon consideration of all the evidence, we are also of the opinion that the court did not err in confirming the report of the commissioners and decreeing partition in accordance therewith. Upon the question of difference in value, we have nothing against the report except the opinions of three witnesses, controverted by the opinions of four, and the plaintiff's offer to take the lower tract of land and the cemetery with a right of way to it and pay a difference of $500.00. No fact or circumstance,

indicating difference in value, has been stated. We have opinions without data constituting a basis therefor. In the evidence contradicting these opinions, some facts indicating the fairness and equity of the partition are stated, among others, that each party is given a portion of the river bottom land, a portion of the cleared land, a portion of the timbered land, water for agricultural and domestic purposes, and an equal value. The plaintiff gets about ten acres more of the land between the road and the river than the defendant and about 31 acres more of the land back of the road than the defendant. Fairness of the offer to exchange and pay a difference of $500.00, as above stated, is not shown. We have no indication of the length or character of the proposed right of way to the cemetery, nor its effect upon the land over which it would have to go. To say this proves a difference in value would be the expression of a mere guess. In this state of the evidence, we are unable to disturb the decree upon the theory of a difference in value between the tracts.

Only one circumstance is shown constituting a plausible claim of an equity ignored by the court, namely, ownership of land adjacent to the part assigned to the defendant. There is no absolute right in a party to a partition of land to have his share so laid off as to adjoin his other lands. Ownership of adjacent land is a mere circumstance to be considered and may be counteracted by other considerations. The authorities relied upon, *Hall* v. *Piddock,* 21 N. J. Eq. 311, *Cox* v. *McMullin,* 14 Grat. 82, and 2 Dan. Ch. Pr. p. 1158, treat it as only an equitable circumstance, not as an absolute right. In this instance, the plaintiff tenaciously holds to her desire to have the cemetery assigned to her. At the same time, she wants her portion of the land laid off next to her other land. It does not appear that she can obtain these two objects without detriment to the defendant. If the land should be so divided as to accomplish both results, the plaintiff would probably get all of the improved land. The form of her demand indicates impracticability of accomplishing the two results without giving a right of way over defendant's land to the cemetery and the right to forever maintain a cemetery within the midst of the defendant's land, or division in a manner different from that adopted by the commissioners. We think the impossibility of laying off the plaintiff's share of this land so as to adjoin her other land and give her the cemetery, with-

out imposing the burden of a road to it upon the lands of the defendant, amply justified the court in refusing to do so. The right here claimed is given only when it can be done without injustice to the other party. The principle is stated in *Hall* v. *Piddock* in the following terms: "The peculiarities of an equitable partition are, that such part of the land as may be more advantageous to any party on account of its proximity to his other land, or for any other reason, will be directed to be set off to him if it can be done without injury to the others." We see nothing in the principle as stated here, or in the other authorities, imposing upon the court or the commissioners duty to recognize and enforce inconsistent claims by one of the parties to a partition to the extent of working injury to another. In other words, we are unable to see any equity in a claim of two advantages by one party which cannot be allowed without detriment to the other.

For the reasons stated, we affirm the decree.

*Affirmed.*