LUNDY L. SHANNON, *Executrix, etc. v.* L. R. CHARTER, JR., *et al.*

(No. 8890)

Submitted September 6, 1939. Decided October 10, 1939.

G. W. *Bland* and I. M. *Underwood,* for appellants.
*Robert B. McDougle,* and *Ambler, McCluer & Ambler,* for appellee Lundy L. Shannon.

KENNA, JUDGE:

This chancery proceeding was brought in the Circuit Court of Doddridge County by Lundy L. Shannon, executrix of the last will and testament of W. Claude Shannon, against L. R. Charter, Jr., Florence Charter, Tula Charter, Citizens Bank of Weston and L. Maple Brannon, trustee, for the purpose of having two certain deeds made by L. R. Charter, Jr., to Florence Charter and Tula Charter cancelled and set aside so far as the interest of the plaintiff is concerned as being voluntary and

fraudulent or, in the alternate, as constituting an unlawful preference. The indebtedness of the plaintiff being evidenced by a decree of the Circuit Court of Doddridge County, entered on the twenty-second day of January, 1937, in a cause which involved to a great degree the allegations and testimony that arise in this cause, the Judge of the Circuit Court of Doddridge County transferred this proceeding to the Circuit Court of Marshall County by an order entered on the tenth day of May, 1937, which also overruled the demurrer of L. R. Charter, Jr., Florence Charter and Tula Charter to the complainant's bill. The order of the Circuit Court of Doddridge County transferring this cause contains very clear recitals of the trial chancellor's reasons for pursuing that course. While it is unnecessary to refer specifically or in detail to those reasons, we believe in passing that a word of commendation would not be out of place.

The final decree entered in the Circuit Court of Marshall County found for the complainant, set aside the deeds in question so far as they affected the claim of the plaintiff and ordered a sale of the property in satisfaction of the plaintiff's claim unless the amount adjudicated to be due her should be paid by L. R. Charter, Jr., within ten days from the rising of the court. The decree also adjudicated a lien preferred to the complainant's indebtedness in favor of the Citizens Bank of Weston.

There is nothing in the record, save the entry of the final decree, from which it can be told when this cause was submitted for decision. Apparently the last depositions were taken on July 15, 1937, and the final decree was entered October 29, 1938. On that day, the complainant filed a petition seeking leave to amend her original bill of complaint by adding thereto direct averments that the defendants, Tula Charter and Florence Charter, knew of the fraudulent intend of the defendant, L. R. Charter, Jr., before and at the time the conveyances sought to be cancelled were executed, the original bill having contained no such direct averment. The final decree provided for the amendment sought by the petitioner,

and made the written opinion of the trial chancellor a part of the record.

On November 7, 1938, the defendants, L. R. Charter, Jr., Florence Charter and Tula Charter, tendered their objections in writing to the amendments of the bill of complaint, the order reciting that the amendments were tendered on the first day of February, 1938, and allowed on the twenty-ninth day of October, 1938. The order also recites a motion of the defendant in writing to cancel, set aside and vacate the decree of October twenty-ninth and to have considered the defendants' objections to the amendments to the bill of complaint. The motion to vacate being overruled, and the defendants indicating their purpose to apply for an appeal, the operation of the final decree was suspended for sixty days from the rising of the court.

The petition for an appeal contends that the trial chancellor erred:

First. In overruling the motion of the defendants to expunge Paragraphs Third, Fourth, Fifth, Sixth and Seventh of the bill of complaint.

Second. In overruling the defendants' demurrer to the bill of complaint.

Third. In allowing the plaintiff to amend her bill of complaint.

Fourth. In not allowing the defendants an opportunity to plead to the amended bill of complaint.

Fifth. In not sustaining the defendants' motion to vacate the final decree.

Sixth. In decreeing the cancellation of and in setting aside the deeds from L. R. Charter, Jr., attacked in the bill of complaint, and directing a sale of the real estate described in those deeds, in the manner provided for in the final decree.

The first point of error is based upon the supposition that the circumstances and facts upon which the complainant's first proceeding against Charter was based were, by the final decree in favor of the complainant, Lundy L. Shannon, executrix, rendered *res adjudicata,*

and for that reason that the paragraphs in the complainant's bill of complaint in this proceeding, the allegations of which are based upon matters alleged and shown in the other proceeding, are offensive, scandalous and ungermane and should be expunged. The preceding suit was brought for the purpose of setting aside a transfer of stock in the Doddridge County Bank from L. R. Charter to John H. Shannon, the administratrix' son, and principal beneficiary under his father's will, in satisfaction of Charter's indebtedness to the Shannon estate. The allegations of the bill of complaint and its prayer for relief were based upon fraudulent misrepresentations that L. R. Charter had made to bring about the transactions sought to be cancelled.

The instant case is also based upon fraud of Charter participated in by his two sisters, and the circumstances alleged against the three of them in the bill of complaint here filed seem to be the outgrowth of the circumstances alleged against Charter in the proceedings in which the executrix procured her decretal judgment against him. It is shown that in the former proceeding, the executrix' counsel took up in open court the propriety of the defendant Charter being enjoined from conveying away any of his realty, and counsel were assured, in the presence of the court and with the defendant in attendance, that there would be no effort on the part of Charter to divest himself of any property standing of record in his name. This was on the twentieth day of June, 1936. At that time, one of the deeds here under attack had been executed, and the other followed in seven days. They were recorded January 21, 1937. We do not perceive how the former proceeding rendered these facts, on which the former decree was based, either irrelevant or scandalous. On the other hand, were we to eliminate those allegations and that proof, the very foundation of the executrix' cause for equitable relief would be wiped out. Furthermore, the final decree in the first proceeding was in favor of the executrix, and was based upon treating the misrepresentations and fraudulent practices of

Charter as established facts. We think that the inconsistency of Charter seeking to have that decree treated as a circumstance that precludes the future use of matters therein found to be established facts, is apparent. We find no error in the trial chancellor's having declined to expunge the allegations referred to.

Four of the other five assignments of error are all involved in the question of whether it constituted error for the trial chancellor to permit the plaintiff to amend her bill of complaint. The original bill contained no direct and definite allegations that Florence Charter and Tula Charter, the grantees in the deeds sought to be set aside, knew or were informed of the fraudulent purpose of L. R. Charter, Jr., in executing and delivering the conveyances to them. Although this record contains no order of submission antedating the final decree, recitals in the final decree indicate that the answer of the Citizens Bank of Weston was filed and a stipulation admitting certain documentary evidence was tendered on the twenty-sixth day of January, 1938. Process had been issued on the thirteenth day of February, 1937, and the final decree was entered on the twenty-ninth day of October, 1938. This decree contains a recital that the motion of the executrix to amend her bill of complaint was tendered on the first day of February, 1938. Counsel for the defendant were not informed of this motion to amend until the final decree was entered approximately nine months later, according to the showing in this record. On the seventh day of November, 1938, the defendants, L. R. Charter, Jr., Florence Charter and Tula Charter, moved to vacate the final decree because of the fact that they had not been given an opportunity to object to the amendments to the original bill of complaint, nor to make their defense to the bill of complaint as amended.

It would seem from the foregoing that the problem involved here is the question of whether the amendments to the bill of complaint permitted by the court were substantive amendments or are to be classified as amendments which simply state the conclusions to be drawn

from sufficient allegations already contained in the bill of complaint. If they were the former, then they injected in the cause a ground for equitable relief not sufficiently alleged in the original bill of complaint, in which event opportunity should have been afforded the grantees to answer the bill as amended and to adduce further testimony if so advised. If the latter, the complainant was entitled to a decree upon her original bill, the amplification of which by the amendments, while it clarified the allegations, was not material to the right of recovery. *Floyd* v. *Duffy*, 68 W. Va. 339, 353, 69 S. E. 993, 33 L. R. A. (N. S.) 883; *Carper* v. *Chenoweth*, 69 W. Va. 729, 72 S. E. 1031.

We believe that there were allegations in the original bill of complaint from which the knowledge of Florence Charter and Tula Charter of the fraudulent purpose of L. R. Charter, Jr., is unavoidably implied. For example, subsection four of paragraph fifteen of the original bill of complaint contains the following averment: "That the consideration for each of said deeds is wholly pretended, and that no consideration whatever therefor passed from the said defendants, Florence Charter and Tula Charter, to the said defendant, L. R. Charter, Jr., that the said deeds executed by the said L. R. Charter, Jr., were purely voluntary and wholly without consideration deemed valuable in law; and that in executing said deeds said L. R. Charter, Jr., had no other purpose than the fraudulent design above charged." In their joint answer, filed June 9, 1937, and verified by the affidavit of L. R. Charter, Jr., they aver that the consideration for the deeds under attack was a pre-existing debt owed by L. R. Charter, Jr., to Florence Charter and Tula Charter of thirteen thousand, two hundred eighty dollars, and deny the allegation that the consideration was pretended and aver that it was valuable and was full and adequate. The allegations of the bill were directly contradicted by the averment of the answer in such a manner as to demonstrate that the corollary of the bill's direct charge of fraudulent purpose was beyond doubt understood.

There can be no question but that the unavoidable deduction based upon a pleading's definite allegations are to be treated as allegations of fact. In a similar case the Virginia court has said: "The demurrer was properly overruled. It rests upon the contention that the bill does not, in terms, allege that the grantees had notice of the fraud charged upon the grantor. This court has held that the privity of the grantee in the fraud of his grantor is sufficiently alleged by charging that the deed was made, not only without any consideration deemed valuable in law, but with intent to hinder, delay, and defraud the creditors of the grantor. Whilst it is clearly the better practice to charge, in terms, that the grantee had notice of the grantor's fraudulent intent; yet if the charge made necessarily implies such notice, as it does in the case at bar, it is sufficient. *Twine Co.* v. *Mayo*, 97 Va. 182, 33 S. E. 523." *Flook* v. *Armentrout's Admr.*, 100 Va. 638, 42 S. E. 686. See also, *Almond* v. *Wilson*, 75 Va. 613; *Whelan* v. *Whelan*, 3 Cow. (N. Y.) 537, 571.

Without doubt, the allegations contained in the bill of complaint that the consideration for both deeds was "pretended" gives rise to the clear inference that both the grantees and the grantor were conscious that a fraud was being perpetrated. It is not necessary that the grantees were conscious of the specific fraud intended by the grantor as a result of the conveyances under consideration. The fact that they were conscious of a fraudulent purpose is all that is required.

There are other allegations in the bill of complaint which we believe, to a less degree, give rise to the same unavoidable implication. For example, it is charged that Catherine Charter, the wife of the grantor, was not a party to either deed; that L. R. Charter, Jr., is the brother of the defendants, Florence Charter and Tula Charter; that at the time of executing the deeds L. R. Charter, Jr., the grantor, was insolvent, and still is insolvent; that the defendant, L. R. Charter, Jr., retained possession of at least a part of the property conveyed, and that both deeds were recorded in the County Court of Doddridge County,

West Virginia, on January 21, 1937, one day before the final decree against L. R. Charter, Jr., and in favor of this complainant was entered in the chancery cause then pending in the Circuit Court of Doddridge County.

But is it necessary that the fraudulent purpose of the grantor should have been alleged and proved to have been known to the grantees? The original bill alleges that the two conveyances under attack were voluntary and not based upon a consideration deemed valuable in law. It alleges further that the grantor was insolvent at the time the two conveyances were executed. The proof adduced substantiates both of these allegations and the trial chancellor so found. There can be no doubt but that the executrix at the time these two conveyances were recorded and also at the time they were executed was an existing creditor of the grantor. The mere fact that L. R. Charter, Jr., contended in a chancery proceeding that he discharged the indebtedness does not alter the fact that he had not done so. Both of the conveyances being voluntary and not based upon a valuable consideration, both were void as to existing creditors, but even treating the executrix as a subsequent creditor, the facts found by the trial chancellor, as expressed in his written opinion made a part of the record, which findings we think are amply sustained, established that both conveyances were voluntary and both were made by the grantor with the intention of hindering, delaying and defrauding the collection of the anticipated debt to the Shannon estate. It was therefore unnecessary to allege that the grantees knew of the grantor's fraudulent purpose, though we find that by necessary implication the original bill contained that averment. *Duncan* v. *Custard,* 24 W. Va. 730; *Mayhew* v. *Clark,* 33 W. Va. 387, 10 S. E. 785; *Connoway* v. *McCann,* 30 W. Va. 200, 3 S. E. 590; *Laidley* v. *Reynolds,* 58 W. Va. 418, 420, 52 S. E. 405. See also, *Graham Grocery Company* v. *Chase,* 75 W. Va. 775, 84 S. E. 785, 17 A. L. R. 723 and note at page 728.

Perceiving no apparent error, the decree of the Circuit Court of Marshall County is affirmed.

*Affirmed.*